Sandra W. WEST and Terry L. West

v.

ZAPATA GULF MARINE CORPORATION.

Civ. A. No. 88–5732.

United States District Court, E.D. Louisiana.

April 18, 1991.

Stephen Barnett Murray, Charles Joseph Murray, Charles Raymond Ward, Jr., Murray Law Firm, Bernard L. Charbonnet, Jr., Arthur J. Brewster, Seelig, Cossé, Frischhertz & Poulliard, New Orleans, La., for plaintiffs.

John P. Napolitano, Jr., Richard M. Simses, Linn Foster Freedman, Abbott, Best & Meeks, New Orleans, La., for defendant.

ORDER

LIVAUDAIS, District Judge.

FACTS:

The motion by defendants, Zapata Gulf Marine Corporation ("Zapata"), to dismiss for failure to state a claim upon which relief can be granted, as to loss of consortium, was submitted on a prior date.

Plaintiff, Sandra West was employed as a cook by Zapata. Ms. West was a mem-

ber of the crew of the M/V CHESAPEAKE SEAHORSE, a supply vessel. On or about March 30, 1988, Ms. West was injured in the course and scope of her employment. A complaint was filed on behalf of Ms. West and included a claim by Terry West, her husband, for recovery for his loss of consortium.

The defendant's motion currently before the court seeks to have Mr. West's claim for loss of consortium dismissed.

ANALYSIS:

Defendants rely on the recent United States Supreme Court case of *Miles v. Apex Marine Corp.*, —— U.S. ——, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990), and a subsequent decision by Judge Feldman of this Court in *Anglada v. Tidewater, Inc.*, 752 F.Supp. 722 (E.D.La.1990). The *Miles* Court held "that there is no recovery for loss of society in a general maritime action for the wrongful death of a Jones Act seaman." *Miles*, 111 S.Ct. at 326. Judge Feldman expanded the *Miles* decision to include damages for loss of consortium and society in all cases involving Jones Act seamen, whether those damages result from wrongful death or personal injury.

Plaintiffs argue that *Miles* did not address the issue of loss of consortium in a personal injury claim, but only in a wrongful death action.

The general language of the *Miles* opinion is clear as to recovery relating to wrongful death cases. The Court begins with the observation that DOHSA and the Jones Act limit recovery to pecuniary damages for wrongful death actions, and, thus, preclude recovery for loss of society. *Miles*, 111 S.Ct. at 325-26. More importantly, the Court concludes that:

> [i]t would be inconsistent with our place in the constitutional scheme were we to sanction more expansive remedies in a judicially-created cause of action [,unseaworthiness,] in which liability is without fault than Congress has allowed in cases of death resulting from negligence. We must conclude that there is no recovery for loss of society in a general maritime

action for the wrongful death of a Jones Act seaman.

*Id.* at 326.

As to plaintiff's contentions that *Miles* did not address the issue of loss of consortium in a personal injury claim, this Court disagrees with plaintiff and follows the reasoning in the *Anglada* case. In *Anglada*, the Court stated:

> Because no general maritime claim for loss of consortium or loss of society pre-existed ... the Jones Act, the Court's desire for uniformity and deference to the legislative environment of the times compels the conclusion that loss of society or consortium damages must be rejected in the context of personal injury and wrongful death unseaworthiness claims.

*Anglada*, at 725.

This court agrees that loss of consortium claims must be rejected in *both* personal injury and wrongful death actions.

Therefore,

IT IS ORDERED that defendant's motion to dismiss for failure to state a claim be and is hereby GRANTED.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Terry West's claim for loss of consortium be and is hereby DISMISSED.