Wayne D. MASTERS, Plaintiff-Appellant Cross-Appellee,

v.

TRANSWORLD DRILLING CO., Defendant-Appellee Cross-Appellant,

Tesson Hammers, Inc., Defendant-Appellee Cross-Appellant.

No. 81-3605
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 12, 1982.

Martzell, Montero & Lamothe, Charles F. Gay, Jr., New Orleans, La., for plaintiff-appellant cross-appellee.

Deutsch, Kerrigan & Stiles, Christopher Tompkins, New Orleans, La., for Transworld.

Russell M. Cornelius, New Orleans, La., for Tesson Hammers.

Before BROWN, REAVLEY and JOLLY, Circuit Judges.

PER CURIAM:

After careful study of the District Court's Findings of Fact and Conclusions of Law in this maritime personal injury case, we affirm the judgment of unseaworthiness liability as to Transworld and of negligence as to Tesson Hammers.

We remand to the District Court, however, to reconsider whether it should have awarded pre-judgment interest. *See Noritake Co., Inc. v. M/V HELLENIC CHAMPION,* 627 F.2d 724, 730 (5th Cir. 1980). Such an award, although within the Court's sound discretion, is well-nigh automatic in suits in the admiralty. *See generally Havis v. Petroleum Helicopters,* 664 F.2d 54 (5th Cir. 1981); Annot., *Award of Prejudgment Interest in Admiralty Suits,* 34 A.L.R.Fed. 126, 228–38 (1977).

Further, we must vacate that portion of the District Court's decision dealing with inflation and remand for recalculation, in the light of *Culver v. Slater Boat Co.* (5th Cir. 1982) 688 F.2d 280 (en banc) and *Byrd*

*v. Reederei,* 688 F.2d 324 (5th Cir. 1982) (en banc), of the proper amount of damages, including inflation, that Masters sustained.

AFFIRMED IN PART, VACATED IN PART and REMANDED.