**Darryll BRELAND, et al.**

v.

**WESTERN OCEANIC, INC.**

**Civ. A. No. 89–1578–O.**

United States District Court,
W.D. Louisiana,
Lafayette–Opelousas Division.

Jan. 5, 1991.

William Henry Sanders, Jena, La., Richard J. Arsenault, Neblett, Beard & Arsenault, Alexandria, La., for plaintiffs.

Terriberry, Carroll & Yancey, David B. Lawton, New Orleans, La., for defendant.

## RULING

NAUMAN S. SCOTT, District Judge.

Before the court is defendant Western Oceanic, Inc.'s (Western) Motion to Strike the claims for loss of consortium and loss of society. For the following reasons we grant the motion which we deem to lie under Fed.R.Civ.P. 12(b)(6).

Plaintiff Darryll Breland alleges he was a seaman while in the employment of Western when he was injured while aboard his assigned vessel. He sued Western under the Jones Act and general maritime law, alleging unseaworthiness. The plaintiff's wife and children asserted claims for loss of consortium and loss of society.[1] Western has moved for the dismissal of these claims on the basis that they are no longer available as a matter of law.

There can be no doubt that the claims for loss of consortium and loss of society may not be entertained under the Jones Act, which is construed to permit only pecuniary damages. *Simeon v. T. Smith & Sons, Inc.*, 852 F.2d 1421, 1433 (5th Cir.1988) (Spouse); *Madore v. Ingram Tank Ships, Inc.*, 732 F.2d 475, 479 (5th Cir.1984) (Children). We focus on the thornier issue, which is whether in the wake of recent Supreme Court jurisprudence damages for loss of society and loss of consortium still may be recovered in suits for personal injury based on the general maritime law.

In *Miles v. Apex Marine Corp.*, —— U.S. ——, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990) the Supreme Court considered a seaman's

---

1. Loss of society describes the losses of intimacy and companionship stemming from the familial relationship, whereas loss of consortium involves those similar interests which stem from the marital relationship. *See Skidmore v. Grueninger*, 506 F.2d 716, 728 (5th Cir.1975).

mother's claim for loss of society under the general maritime law arising from her son's death in state waters. There, in order to effect uniformity, the Court limited recovery to pecuniary damages for deaths of seamen in state waters based on the general maritime law. Since neither DOHSA nor the Jones Act permitted loss of society damages, the Court sought to harmonize the different remedies by eliminating loss of society under the general maritime law. *Miles,* — U.S. at — – —, 111 S.Ct. at 324–25.

The defendant urges that the holding of *Miles* should here be extended to the spouse of an injured seaman, and in support of its theory, cites *Anglada v. Tidewater, Inc.,* 752 F.Supp. 722 (E.D.La.1990). We agree. We read *Miles* as standing for the proposition that in the Jones Act and DOHSA, Congress has established a framework for damages to be awarded a seaman. Congress intended to limit Jones Act and DOHSA plaintiffs to pecuniary damages, and therefore no loss of consortium or loss of society damages are available under those acts. Since the plaintiffs' claims for unseaworthiness, like those at issue in *Miles,* are judicially created, the damages awarded must not exceed those permitted by Congress within its legislative scheme.

As the *Miles* Court stated, "[i]t would be inconsistent with our place in the constitutional scheme were we to sanction more expansive remedies in a judicially-created cause of action in which liability is without fault than Congress has allowed in cases of death resulting from negligence." *Miles,* — U.S. at —, 111 S.Ct. at 326. Of course, this statement applies with equal force to the issue before us now.

Prior to *Miles,* the question before us was addressed in *Cruz v. Hendy Intern. Co.,* 638 F.2d 719 (5th Cir.1981), in which the Fifth Circuit permitted loss of society damages for the spouse of an injured seaman. The plaintiffs urge that *Cruz* still controls the issue at hand. We find that *Miles* has sufficiently undermined *Cruz* as to make that decision useless as precedent for the question before us.

The Court of Appeals in *Cruz* based its decision primarily on the Supreme Court's rulings in *Sea–Land Services, Inc. v. Gaudet,* 414 U.S. 573, 94 S.Ct. 806, 39 L.Ed.2d 9 (1974) and *American Export Lines, Inc. v. Alvez,* 446 U.S. 274, 100 S.Ct. 1673, 64 L.Ed.2d 284 (1980) which permitted loss of society damages to the spouses of killed and injured longshoremen. Since those cases involved the spouses of longshoremen who were performing the activities of seamen, the Fifth Circuit saw no reason to withhold the same damages from the spouses of actual seamen. *Cruz,* 638 F.2d at 724. This equation of longshoremen with seamen is no longer appropriate according to *Miles,* as *Gaudet* was explicitly held to apply only to longshoremen and "did not consider the preclusive effect of the Jones Act for … true seamen." *Miles,* — U.S. at — – —, 111 S.Ct. at 325. Implicitly, now that *Gaudet* has been explicitly limited in its application to longshoremen, it follows that the same result is appropriate for *Alvez* which extended *Gaudet* to the spouses of non-fatally injured longshoremen. *Alvez,* 446 U.S. at 280–285, 100 S.Ct. at 1676–80.

Although it is true that *Miles* addressed a death claim and the present case involves an injury, we fail to see the relevance of such a distinction. To suggest that a widow can receive no loss of society damages, but that the wife of an injured seaman can, injects confusion into a decision which was intended to create uniformity between actions under DOHSA, the Jones Act, and general maritime law. *Id.,* — U.S. at —, 111 S.Ct. at 325–26.

Therefore, we find that *Miles* mandates that Western's motion to strike the claims for loss of society and loss of consortium must be granted. We find no reason to distinguish between the claims brought by the spouse or the children in this issue, since both are non-pecuniary claims which are not permitted under the Jones Act and therefore can no longer be permitted under the general maritime law.

Accordingly, the Motion to Strike is GRANTED and it is ordered that the claims bought by Rhonda, Clayton Wayne,

Chad Thomas, and Lance William Breland be dismissed.

DONE AND SIGNED.