**Debbie CATER**

v.

**PLACID OIL CO., et al.**

**Civ. A. No. 90–1325.**

United States District Court,
E.D. Louisiana.

March 28, 1991.

Rodney Glenn Cater, Jennifer N. Willis, Cater & Willis, New Orleans, La., for plaintiff.

Sidney Daniel Meeks, Terrence Kent Knister, Abbott, Best & Meeks, New Orleans, La., Donald Russell Wilson, Richard Joseph Wilson, Gaharan & Wilson, Jena, La., for Placid Oil Co.

Russell Duane Pulver, Chester Theodore Alpaugh, III, Elise Marine Beauchamp, Ellefson, Pulver & Staines, Metairie, La., for Bradford Marine Inc. and Albany Ins. Co.

## ORDER AND REASONS

CHARLES SCHWARTZ, Jr., District Judge.

This matter came before the Court on the objection of defendant Bradford Marine, Inc. ("Bradford Marine") to Magistrate's ruling of March 15, 1991, allowing the plaintiff, a Jones Act seaman, to amend her complaint to add her spouse, Tommy Cater, and his claim for loss of "society."

Defendant argues that *Miles v. Apex Marine Corporation,* —— U.S. ——, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990) and *Anglada v. Tidewater, Inc.,* 752 F.Supp. 722, 723 (E.D. La.1990) bar Mr. Cater's loss of society claim. The sole issue before this Court is whether the course charted by the Supreme Court in *Apex Marine,* supra, which compelled the conclusion that there can be no spouse's recovery for loss of consortium in a case under the general maritime law involving wrongful death of a Jones Act seaman, also compels the same result in the case of nonfatal injury of a Jones Act seaman. Let there be no mistake, however, this Court recognizes the specific holding of *Apex Marine* is that "there is no recov-

ery for loss of society in a general maritime claim for the wrongful death of a Jones Act seaman."[1]   111 S.Ct. at 326.

## I. APEX MARINE—THE NEW WAVE WITH A TRADITIONAL PITCH.

The basic premises of *Apex Marine,* uniformity and the intended role of the Jones Act in effecting that constitutionally required uniformity in the exercise of admiralty jurisdiction[2] toll the death knell for "consortium" claims under the general maritime law across the board, that is whether the Jones Act seaman is injured fatally or nonfatally.

*Apex Marine* teaches that extensive legislation in the areas injury and death involving "true" seamen, both direct and delimit an admiralty court's actions. The Supreme Court instructs:

> We no longer live in an era when seamen and there loved ones must look primarily to the courts as a source of substantive legal protection from injury and death; Congress and the States have legislated extensively in these areas. In this era an admiralty court should look primarily to these legislative enactments for policy and guidance. We may supplement these statutory remedies where doing so would achieve the uniform vindication of such policies consistent with our constitutional mandate but we must also keep strictly within the limits posed by Congress.... These statutes both direct and delimit our actions. *Id.* 111 S.Ct. at 323 (emphasis supplied).

*Apex Marine* thus requires us to tack back to the point in time when the Jones Act became law and test the waters then and there. Following that mandate as to loss of society, the general maritime law at the time provided no recovery for what ailed the injured seaman's spouse. Until the Supreme Court's decision in *Moragne*

---

**1.** This Court while agreeing with the result, disagrees with the statement of opinion in *Anglada v. Tidewater, Inc.,* 752 F.Supp. 722, 723 (E.D.La. 1990), that *Apex Marine* itself "embraces personal injury claims too," as that issue was not

discussed or referred to in the holding of the Supreme Court.

**2.** 111 S.Ct. at 323.

*v. State Marine Lines, Inc.*[3] there was no recognition of survival benefits at all under the general maritime law. It was only after *Moragne*, circuit courts began permitting recovery for a victim's pre-death pain and suffering.[4]

One of the first Fifth Circuit decisions which discussed the issue of spouse's recovery for loss of "society" pursuant to the Jones Act was *Christofferson v. Halliburton Co.*, 534 F.2d 1147 (5th Cir.1976), *reh'g denied*, 542 F.2d 1174 (5th Cir.1976). *Christofferson* held there was no such remedy available to the spouse of a Jones Act seaman, either under the general maritime law or pursuant to the Jones Act, in the case of the nonfatally injured seaman. The *Christofferson* court drew heavily from the Second Circuit's decision in *Igneri v. Cie. de Transports Oceaniques*, 323 F.2d 257 (2nd Cir.1963), *cert. denied*, 376 U.S. 949, 84 S.Ct. 965, 11 L.Ed.2d 969 (1964).

The *Igneri* court rejected a spouse's claim for loss of society both under the general maritime law and under the Jones Act. The court's rationale for not recognizing the remedy within the context of the Jones Act bears repetition:

> When Congress by the Jones Act, 46 U.S.C. § 688, gave a seaman the right to recover for personal injury caused by the employer's negligence, it did not authorize recovery by the seaman's wife for loss of consortium. As to non-fatal injuries this is plain from the language of the statute which authorizes only the seaman himself (not his wife) to maintain an action for damages at law. *Id.* at 266.[5]

For the reason of uniformity the *Igneri* court also rejected "society" damages under the general maritime law. The court further commented that to hold that strict liability [unseaworthiness] should have a broader reach than fault-based liability [Jones Act negligence] would prove anomalous in the last degree. *Id.* at 268.

Up until 1981, there was a harmonious confluence of opinion that there was no recovery of "consortium" either under the general maritime law or pursuant to the Jones Act. Then the Fifth Circuit overruled its earlier precedent in *Christofferson*, deciding *Cruz v. Hendy International, Co.*, 638 F.2d 719 (5th Cir.1981) to the opposite effect, and reversing this trial court's judgment[6] dismissing Mrs. Cruz' action seeking damages for loss of society of her husband both under the Jones Act and the general maritime law.

## II. APEX MARINE AND THE DOMINO EFFECT.

The siren beckoning the Fifth Circuit's departure in *Cruz* from the rule of *Christofferson* was the decision of the Supreme Court in *American Export v. Alvez*, 446 U.S. 274, 100 S.Ct. 1673, 64 L.Ed.2d 284 (1980) [an extension of its earlier precedent in *Sea–Land Services, Inc. v. Gaudet*, 414 U.S. 573, 94 S.Ct. 806, 39 L.Ed.2d 9 (1974)]. Based on its decision in *Gaudet*, supra, which held under the general maritime law the widow of a longshoreman fatally injured aboard a vessel in state territorial waters could recover loss of society, the Supreme Court in *Alvez* extended the rule of *Gaudet* to allow a spouse's recovery for loss of society in the case of a nonfatally injured harbor worker.

In *Apex Marine*, the Supreme Court explicitly limited *Gaudet* to its facts, stating: "The holding of *Gaudet* applies only to territorial waters, and it applies only to longshoremen." 111 S.Ct. at 325. The domino effect is unavoidable since for any

---

**3.** 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970).

**4.** See, *Azzopardi v. Ocean Drilling & Exploration Co.*, 742 F.2d 890, 893 (5th Cir.1984), and cases cited therein.

**5.** See also, *Tullos v. Resource Drilling, Inc.*, 750 F.2d 380, 382 (5th Cir.1985) [citing *Madore v. Ingram Tank Ships, Inc.*, 732 F.2d 475, 479 (5th Cir.1984) for the proposition that the legislative remedy granted an injured seaman under the Jones Act does not include the right to claim damages for loss of society].

**6.** On July 18, 1977, this trial court entered judgment in favor of defendants, Hendy International and its insurer dismissing Mrs. Cruz suit with prejudice in Civil Action No. 77–1333 "A".

validity, both *Alvez* and *Cruz, supra,* stand and fall with *Gaudet.* Certainly, *Cruz* is no longer viable simply because it is an extension of *Gaudet,* to the second degree, which has since been explicitly limited to its facts.

Essentially, *Cruz, Alvez,* and *Gaudet,* no longer provide any authority for spousal recovery of loss of society under the general maritime law in cases involving either nonfatally or fatally injured Jones Act seaman. The Supreme Court in *Apex Marine* has effectively foreclosed on the recognition of any claim for loss of society by judicially crafted general maritime law post dating the Jones Act. Though *Apex Marine* on its face solely addresses the scenario involving a seaman's wrongful death, the basic premises of the Court's decision when traced to their logical conclusion in the context of a seaman's nonfatal injury compels the identical result. *Apex Marine* is indeed analogous to the wave, which can not be kept upon the shore.

In the final analysis, there is no apparent reason to differentiate between fatal and nonfatal injuries in rejecting damages for loss of society. It is simply nonsensical that the spouse of a nonfatally injured seaman should have greater rights than the spouse of a mortally injured seaman. Whether fatally injured or not, the spouses' claims are derivative of the Jones Act seamen's claims, whose rights in turn, stem from the same Congressional enactment, the Jones Act and the same integral jurisprudence, the general maritime law.

The rationale of *Apex Marine* leads to the conclusion that the Fifth Circuit decision in *Cruz* has now been impliedly overruled. Accordingly, and for all of the aforesaid reasons, defendant Bradford Marine's objections are sustained; and

IT IS ORDERED that the Magistrate's order in the captioned matter granting leave to amend to state a claim for "consortium" is hereby recalled and set aside.