**Darryl MELANCON**

v.

**PETROSTAR CORPORATION.**

**Civ. A. No. 89–1611–O.**

United States District Court,
W.D. Louisiana,
Lafayette–Opelousas Division.

May 8, 1991.

Anthony D. Moroux, Moroux, Domengeaux & Davis, Lafayette, La., for Darryl Melancon.

Onebane, Dunahoe, Bernard, Torian, Diaz, McNamara & Abell, Douglas W. Truxillo, Trial Atty., and Miles A. Matt, Lafayette, La., for defendant.

## RULING

NAUMAN S. SCOTT, District Judge.

Before the court is defendant Petrostar Corporation's Motion for Summary Judgment.

Plaintiff Darryl Melancon filed suit under the Jones Act and the general maritime law for damages allegedly suffered in September 1988 during his service on a vessel owned by defendant. Plaintiff Irene Melancon joined her husband's complaint seeking damages for loss of consortium and society under the general maritime law. Both plaintiffs seek an award of prejudgment interest from the date of the alleged accident.

Petrostar now seeks dismissal of plaintiff Irene Melancon's claim for loss of consortium and society. Petrostar also seeks dismissal of both plaintiffs' claim for prejudgment interest.

■ There can be no doubt that loss of consortium and society may not be entertained under the Jones Act which is construed to permit only pecuniary damages. *Simeon v. T. Smith & Sons, Inc.*, 852 F.2d 1421, 1433 (5th Cir.1988). Following the decision of the Supreme Court in *Miles v. Apex Marine Corp.*, —— U.S. ——, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990), that there is no recovery for loss of society in a general maritime claim for the wrongful death of a seaman, this court recently held that there is also no cause of action for loss of consortium and society under the general maritime law where the Jones Act seaman has sustained a non-fatal injury. *Breland v. Western Oceanic, Inc.*, 755 F.Supp. 718 (W.D.La.1991). Federal courts sitting in the Eastern District of Louisiana have reached the same conclusion. *Anglada v. Tidewater, Inc.*, 752 F.Supp. 722 (E.D.La. 1990); *Cater v. Placid Oil Co.*, 760 F.Supp. 568 (E.D.La.1991). We hold therefore that plaintiff Irene Melancon's claim for loss of consortium and society under the general maritime law must be dismissed as a matter of law.

■ Plaintiff Darryl Melancon requested trial by jury. Thus, his claims are on the "law" side of the court as opposed to the "admiralty" side. As a general rule,

recovery of prejudgment interest is not permitted in an action at law under the Jones Act. *Theriot v. J. Ray McDermott & Co.*, 742 F.2d 877, 883 (5th Cir.1984). However, prejudgment interest is available in an action at law under the general maritime law if there is an evidentiary basis for distinguishing the damages caused by unseaworthiness from those damages caused by Jones Act negligence. *McPhillamy v. Brown & Root, Inc.*, 810 F.2d 529, 532 (5th Cir.1987). Whether prejudgment interest is awarded remains, however, within the discretion of the court despite being described as "well-nigh automatic." *Masters v. Transworld Drilling Co.*, 688 F.2d 1013, 1014 (5th Cir.1982).

Nonetheless, Petrostar contends that the "intent of the Supreme Court in *Miles* is to create uniformity between recovery under the Jones Act and recovery under the judicially created General Maritime Law [sic]." Petrostar asserts therefore that the Supreme Court's decision in *Miles* also mandates dismissal of Mr. Melancon's claim for prejudgment interest under the general maritime law. We disagree with Petrostar's overly broad interpretation of the *Miles* decision.

The *Miles* Court began its determination of the loss of society issue with a lengthy discussion of *Moragne v. States Marine Lines, Inc.*, 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970).[1] The *Miles* Court then explained that it conducted this review because *Moragne*

> exemplifies the fundamental principles that guide our decision in this case. We no longer live in an era when seamen must look primarily to the courts as a source of substantive legal protection from injury and death; Congress and the States have legislated extensively in these areas. In this era, an admiralty court should look primarily to these legislative enactments for policy guidance. We may supplement these statutory remedies where doing so would achieve the

---

1. *Moragne* addressed the preclusive nature of the wrongful death causes of action available under the Jones Act and DOHSA. *Moragne* held that an action for the wrongful death of a seaman was not limited to the Jones Act and DOH- SA. Rather, finding manifest inconsistencies in the statutory scheme, *Moragne* held that such an action could be brought under the general maritime law in a claim for unseaworthiness.

uniform vindication of such policies consistent with our constitutional mandate, but we must also keep strictly within the limits imposed by Congress. Congress retains superior authority in these matters, and an admiralty court must be vigilant not to overstep the well-considered boundaries imposed by federal legislation. These statutes both direct and delimit our actions.

*Miles*, —— U.S. at ——, 111 S.Ct. at 323, 112 L.Ed.2d at 287. Clearly, then, the *Miles* Court addressed the question of whether a substantive cause of action unavailable under the congressionally created Jones Act may nonetheless be available as a judicially created cause of action under the general maritime law. However, an award of prejudgment interest is not a substantive cause of action. Rather, and unlike a cause of action for loss of consortium in which the spouse-plaintiff must prove by a preponderance of the evidence an actual loss of society in addition to the seaman-plaintiff successfully proving that his vessel was unseaworthy, an award of prejudgment interest does not require any additional elements of proof once the seaman has proven his cause of action for unseaworthiness. Instead, it may be awarded in the discretion of the court. Consequently, we hold that the *Miles* decision does not affect a seaman's right to obtain prejudgment interest where he has succeeded in proving his claim for unseaworthiness.[2]

Accordingly, we GRANT IN PART and DENY IN PART Petrostar's Motion for Summary Judgment. Further, it is ordered that plaintiff Irene Melancon's claim for loss of consortium and society be DISMISSED WITH PREJUDICE.

---

**2.** The *Anglada* court reasoned that the *Miles* decision affects only those judicially created remedies under the general maritime law that post-dated creation of the Jones Act in 1920. As an award of prejudgment interest was available under the general maritime law long before the Jones Act was created, the *Anglada* court held that such awards were unaffected by the *Miles* decision. *See Anglada*, 752 F.Supp. at 725–26. Although we have denied the prejudgment interest aspect of Petrostar's Motion on different grounds, we largely agree with the *Anglada* court's reasoning.