**Allen DUNBAR and Rhonda Dunbar**

v.

**AMERICAN COMMERCIAL BARGE LINES COMPANY and Cooper/T. Smith Stevedoring Company, Inc.**

Civ. A. No. 88–967–B.

United States District Court, M.D. Louisiana.

Aug. 16, 1991.

See also 746 F.Supp. 1303.

**152**

· Keith B. Nordyke, Nordyke and Denlinger, Baton Rouge, La., for plaintiffs.

Charles V. Guilbault, Marcy L. Planer, Courtenay, Forstall, Guilbault, Hunter & Fontana, New Orleans, La., for intervenor, Cooper/T. Smith Stevedoring Co.

Glen Goodier, Jones, Walker, Waethter, Poitevent, Carrere & Denegre, New Orleans, La., for defendant, American Commercial Barge Lines Co., Inc.

Wilton E. Bland, III, Alan G. Brackett, New Orleans, La., for defendants, Cooper/T. Smith Stevedoring Co., Inc., Ocean Marine Indem. Co., Lloyds and Institute Underwriters, Plimsoll Marine, Inc.

James G. Burke, Jr., William Daniel Wellons, New Orleans, La., for defendant, Lumar Marine.

J. Frederick Kessenich, New Orleans, La., for defendant, Elmar Marine d/b/a Darrow Fleeting.

Robert Clotworthy, New Orleans, La., for defendant, American Home Assur.

### RULING ON COOPER/T. SMITH STEVEDORING COMPANY'S MOTION FOR SUMMARY JUDGMENT CONCERNING RHONDA DUNBAR'S CLAIM

POLOZOLA, District Judge.

This matter is before the Court on the motion of Cooper/T. Smith Stevedoring Company (Cooper/T. Smith) for summary judgment which seeks to dismiss Rhonda Dunbar's claim for loss of society and consortium. For reasons which follow, the Court finds that the motion for summary judgment should be granted.

Allen Dunbar filed this Jones Act suit[1] to recover damages for injuries he allegedly sustained while working on a barge for Cooper/T. Smith. Rhonda Dunbar, Allen's wife, asserts a claim for loss of society and consortium stemming from the accident and resulting injuries which her husband allegedly suffered. Cooper/T. Smith contends that Rhonda has no claim for loss of society and consortium under *Miles v. Apex Marine Corporation,* — U.S. —, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990), and *Anglada v. Tidewater Corporation,* 752 F.Supp. 722 (E.D.La.1990). This Court agrees.

It is clear that a spouse has no claim for loss of consortium or loss of society under the Jones Act. *Simeon v. T. Smith & Sons, Inc.,* 852 F.2d 1421, 1433 (5th Cir. 1988), *cert. denied,* 490 U.S. 1106, 109 S.Ct. 3156, 104 L.Ed.2d 1019 (1989); *Breland v. Western Oceanic, Inc.,* 755 F.Supp. 718 (W.D.La.1991). However, Dunbar contends that she has a cause of action for loss of society and consortium under general maritime law.[2]

In *Apex Marine, supra,* the Supreme Court considered a claim filed by the mother of a seaman for loss of society under general maritime law arising from her son's death in territorial waters. The Supreme Court found that "there is no recovery for loss of society in a general maritime action for the wrongful death of a Jones Act seaman." 111 S.Ct. at 326. The Supreme Court emphasized the need for uniformity concerning the claims available under the Jones Act and general maritime law. *Id.* at 324–25.

After *Apex Marine* was decided, the United States District Court for the Eastern District of Louisiana considered the

---

1. 46 U.S.C.App. § 688.

2. Rhonda Dunbar relies on *American Export Lines, Inc. v. Alvez,* 446 U.S. 274, 100 S.Ct. 1673, 64 L.Ed.2d 284 (1980), *Cruz v. Hendy International Company,* 638 F.2d 719 (5th Cir.1981), and the Fifth Circuit cases following *Cruz.*

claim filed by the wife of an injured seaman for loss of consortium and society in *Anglada v. Tidewater, Inc.*, 752 F.Supp. 722 (E.D.La.1990). Relying on the reasoning of the Supreme Court in *Apex Marine*, the *Anglada* court stated that "*Apex Marine* does not limit itself to wrongful death claims. It embraces personal injury claims too." *Id.* at 724. Consequently, the court extended the holding of *Apex Marine* to bar a claim filed by the seaman's spouse for loss of consortium or society.

The plaintiff contends that the *Anglada* court improperly extended *Apex Marine* to personal injuries. This Court finds the district court correctly interpreted *Apex Marine*. The *Anglada* court reasoned:

> Because no general maritime claim for loss of consortium or loss of society pre-existed [*American Export Lines, Inc. v.*] *Alvez* or the Jones Act, the [Supreme] Court's desire for uniformity and deference to the legislative environment for the times compels the conclusion that loss of society or consortium damages must be rejected in the context of personal injury and wrongful death unseaworthiness claims.

*Id.* at 725.

In *Cater v. Placid Oil Company*, 760 F.Supp. 568, 571 (E.D.La.1991), which was also decided by the United States District Court for the Eastern District of Louisiana after *Anglada*, the court noted that "[i]t is simply nonsensical that the spouse of a nonfatally injured seaman should have greater rights than the spouse of a mortally injured seaman." This Court agrees. The Supreme Court expressed its desire to create uniformity under the Jones Act and general maritime law in *Apex Marine;* therefore, whether the claim for loss of security or consortium damages concerns a fatal or non-fatal injury is irrelevant.

Dunbar argues that *Alvez* and *Cruz* still allow a claim of loss of consortium and society under general maritime law, despite *Apex Marine*. This argument is without merit. In *Cater*, the court specifically stated that after *Apex Marine*, *Alvez* and *Cruz* "no longer provide any authority for spousal recovery of loss of society under the general maritime law." 760 F.Supp. at 571. The *Cater* court further stated that *Cruz* has been overruled by implication. *Id.*[3]

Finally, Rhonda Dunbar argues that whether her husband is a "seaman" and subject to the Jones Act is a factual determination that must be determined by the jury. The plaintiff asserts that because her husband may be found to be a longshoreman by the jury, summary judgment is improper because there exist a material issue of fact in dispute. The Court disagrees. In the plaintiff's complaint, he alleges he is a seaman under the Jones Act. At no time does plaintiff argue that he is a longshoreman, nor has there been any evidence filed in the record to reflect plaintiff's alleged longshoreman status. Allen Dunbar's action is for damages under the Jones Act and general maritime law. Under either law, Rhonda Dunbar does not have a claim for loss of society and consortium.

The Court finds that the defendant is entitled to summary judgment as a matter of fact and law under the facts of this case.

Therefore:

IT IS ORDERED that Cooper/T. Smith's motion for summary judgment be and is hereby GRANTED.

IT IS FURTHER ORDERED that Rhonda Dunbar's claim for loss of society and consortium is DISMISSED with prejudice.

---

**3.** *See also Breland v. Western Oceanic, Inc.*, 755 F.Supp. 718, 719 (W.D.La.1991).