**Robert NELSEN and Patricia Nelsen, Plaintiffs,**

v.

**RESEARCH CORPORATION OF the UNIVERSITY OF HAWAII, a corporation, Defendant.**

*Civ. No. 89-00738 DAE.*

United States District Court,
D. Hawaii.

Feb. 14, 1992.

Douglas M. Fryer, Mikkelborg, Broz, Wells & Fryer, Seattle, Wash., Michael J. McGuigan, Reinwald, O'Connor, Marrack, Hoskins & Playdon, Honolulu, Hawaii, for plaintiffs.

C. Andrew Waters, Keesal, Young & Logan, Long Beach, Cal., David A. Nakashima, Rush, Moore, Craven & Stricklin, Honolulu, Hawaii, for defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AGAINST PATRICIA NELSEN

DAVID A. EZRA, District Judge.

Defendant Research Corporation of the University of Hawaii ("RCUH") motion for judgment on the pleadings with regard to Patricia Nelsen's ("Mrs. Nelsen") claims was set for hearing before this court on February 18, 1992. This court, however, finds the matter susceptible of submission on the briefs and record. Having fully considered the motion and memoranda submitted in support thereof and in opposition thereto, and being fully advised as to the premises herein, GRANTS defendant's motion for judgment on the pleadings.

### BACKGROUND

On September 25, 1984, plaintiff Robert Nelsen ("Mr. Nelsen") filed his original complaint seeking to recover damages under the Jones Act, 46 U.S.C.App. § 688, and general maritime law for emotional and psychological injuries he allegedly sustained while serving as the Captain of the R/V KILA from July 1984 to May 1987. The R/V KILA is a research vessel owned by the United States Government and operated by defendant RCUH. Mr. Nelsen filed his first amended complaint on January 2, 1990.

On August 1, 1990, Mr. Nelsen filed a motion for leave to file a second amended complaint, adding Mrs. Nelsen as a plaintiff, and alleging claims for loss of society and consortium. Magistrate Judge Tokairin granted plaintiff leave to amend to add Mrs. Nelsen's claims, but he limited Mrs. Nelsen's claims for loss of consortium arising from injuries suffered by her husband after their marriage on January 3, 1987.[1] Having been served with the second amended complaint, defendant now moves for judgment on the pleadings with regard to Mrs. Nelsen's claims for loss of society and consortium.

### DISCUSSION

#### A. Standard for Judgment on the Pleadings

The standard to be applied on a motion for judgment on the pleadings under Fed. R.Civ.P. 12(c) is essentially the same as that applied to a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6): a judgment is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir.1990).

#### B. Plaintiff Patricia Nelsen May Not Recover Damages For Loss of Consortium as a Matter of Law

Defendants argue that judgment on the pleadings with regard to Mrs. Nelsen's claims for loss of society and consortium is appropriate in light of a recent Supreme Court opinion holding that loss of society in a wrongful death action is not compensable under the Jones Act, 46 U.S.C.App. § 688, or general maritime law. *Miles v. Apex Marine Corp.*, —— U.S. ——, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990). In *Miles*, a steward's assistant was stabbed to death by a crew member, and the mother of the steward's assistant brought several claims against the vessel owner/operator under

Nelsen from asserting a loss of consortium claim based upon Mr. Nelsen's Jones Act claim. The written order, however, makes no mention of the theories under which a loss of consortium claim may be brought.

the Jones Act and general maritime law, including a claim for loss of society. The Court found that there is no recovery for loss of society in a Jones Act or general maritime claim. *Miles*, 111 S.Ct. at 325.

Subsequent to the Supreme Court's holding in *Miles*, several district courts have interpreted and applied *Miles* to cases involving loss of society claims due to nonfatal injuries to seamen. *See Melancon v. Petrostar Corp.*, 762 F.Supp. 1261 (W.D.La.1991); *West v. Zapata Gulf Marine Corp.*, 766 F.Supp. 502 (E.D.La.1991); *Debbie Cater v. Placid Oil Co.*, 760 F.Supp. 568 (E.D.La.1991).

In *Cater*, the court stated that although the specific holding of *Miles* was to preclude recovery for loss of society in a wrongful death action, the logic in *Miles* would also preclude a nonfatal injury claim for loss of society. The court stated:

> The Supreme Court in *Apex Marine* has effectively foreclosed on the recognition of any claim for loss of society by judicially crafted general maritime law post-dating the Jones Act. Though *Apex Marine* on its face solely addresses the scenario involving a seaman's wrongful death, the basic premises of the Court's decision when traced to their logical conclusion in the context of a seaman's nonfatal injury compels the identical result. *Apex Marine* is indeed analogous to the wave which cannot be kept upon the shore.

> In the final analysis, there is no apparent reason to differentiate between fatal and nonfatal injuries in rejecting damages for loss of society. It is simply nonsensical that the spouse of a nonfatally injured seaman should have greater rights than the spouse of a mortally injured seaman.

*Cater v. Placid*, 760 F.Supp. at 571.

Plaintiff relies on the holding of *American Export Lines, Inc. v. Alvez*, 446 U.S. 274, 100 S.Ct. 1673, 64 L.Ed.2d 284 (1980)

as authority which supports the assertion of Mrs. Nelsen's loss of society and consortium claim in the present case. That decision, ten years prior to *Miles*, held that general maritime law authorizes the wife of a harbor worker injured nonfatally aboard a vessel in state territorial waters to maintain an action for damages for the loss of her husband's society. *Id.* at 276, 100 S.Ct. at 1674–75. While *Alvez* appears to be contradictory to *Miles*, the two cases are distinguishable on the facts. The *Miles* plaintiff was seeking recovery for loss of society due to the injury of a seaman injured on the high seas. The Court in *Alvez* based its holding on *Sea–Land Services, Inc. v. Gaudet*, 414 U.S. 573, 94 S.Ct. 806, 39 L.Ed.2d 9 (1974); 446 U.S. at 275, 100 S.Ct. at 1674. In *Miles*, the court expressly stated that the holding of *Gaudet* applies only in territorial waters, and it applies only to longshoremen. *Miles v. Apex Marine Corp.*, 111 S.Ct. at 325. Therefore, *Alvez* is not applicable to the present case.

Plaintiff cites to a Western District of Washington district court's unpublished order which, seemingly relying on *Alvez*, allowed a loss of consortium claim by the wife of a crew member against the ship's owner/operator for injuries sustained at sea. In that case, the defendants failed to argue the preclusive effect of the *Miles* holding until twenty-five days after the trial ended, in a motion for relief from judgment, even though *Miles* had been handed down five months earlier.[2] However, as discussed above, *Alvez* does not apply here.

Based on a careful review of *Miles* and subsequent case law, this court concludes that *Miles* precludes a recovery for loss of society and consortium in nonfatal injuries to seamen. In so ruling, the court looks to the language of the *Miles* opinion for guidance.

> We no longer live in an era when seamen and their loved ones must look to the courts as a source of substantive legal protection from injury and death; Con-

---

**2.** The court failed to grant relief from judgment after a trial in which no objection was made to the loss of consortium claim until defendant's motion for relief was filed. In the unpublished order denying the motion, finding that there was no clear error requiring correction, the district court did not find *Miles* to be compelling authority under the standard for setting aside a judgment under the Federal Rules.

gress and the States have legislated extensively in these areas. In this era, an admiralty court should look primarily to these legislative enactments for policy guidance. We may supplement these statutory remedies where doing so would achieve the uniform vindication of such policies consistent with our constitutional mandate, but we must also keep strictly within the limits imposed by Congress. Congress retains superior authority in these matters, and an admiralty court must be vigilant not to overstep the well-considered boundaries imposed by federal legislation. These statutes both direct and delimit our actions.

*Miles v. Apex Marine Corp.*, —— U.S. ——, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990).

The above language indicates a court should look closely to the language of the Jones Act for the limitations of a litigant's rights. In *Miles*, the Court discussed the history of the Jones Act, stating that it was based on the older Federal Employers' Liability Act (FELA). *Miles*, 111 S.Ct. at 325. The Court found that FELA, and the still earlier Lord Campbell's Act, upon which FELA was based, have been consistently interpreted as providing recovery only for pecuniary loss. *Id.* The Court thereby determined that there is no recovery for loss of society in a Jones Act wrongful death action. *Id.*

Furthermore, the *Miles* opinion states: "Today we restore a uniform rule applicable to all actions for the wrongful death of a seaman, whether under DOHSA [Death on the High Seas Act], the Jones Act, or general law." *Miles v. Apex Marine Corp.*, 111 S.Ct. at 326. The Supreme Court has previously decided that there is no recovery for loss of society under DOHSA. *Mobil Oil Corp. v. Higginbotham*, 436 U.S. 618, 98 S.Ct. 2010, 56 L.Ed.2d 581 (1978). Given the Supreme Court's recognition of the value of uniformity in the treatment of all fatally injured seamen, and the *Miles* holding precluding recovery for loss of society in Jones Act wrongful death suits, this court sees no reason to allow a loss of society recovery for the nonfatally injured Jones Act seaman. Adopting the reasoning of the *Cater* court, this court

would think it inconsistent to afford greater rights to a spouse of a seaman who survives than to the survivor of a fatally injured seaman.

### CONCLUSION

Based on the foregoing, the court hereby GRANTS defendant's motion for judgment on the pleadings as to plaintiff Patricia Nelsen's claims.

IT IS SO ORDERED.