620 So.2d 1387 (1993)
Stephen Michael PHILLIPS and Judith Renee Peterson Phillips
v.
WATER TOWING, INC., D.W. Reynolds, Inc. and Mississippi Marine Corporation.
No. 92-CA-1334.
Court of Appeal of Louisiana, Fourth Circuit.
June 30, 1993.
Stephen B. Murray, Charles R. Ward, Jr., Murray Law Firm, New Orleans, for plaintiffs/appellants.
Anthony J. Staines, Staines & Eppling, Metairie, for Mississippi Marine Corp., defendant/appellee.
*1388 Robert H. Murphy, E. Carroll Rogers, Murphy, Williams, Rogers & Sloss, New Orleans, for Standard S.S. Owners' Protection and Indem. Ass'n (Bermuda), Ltd., defendant/ appellee.
Before SCHOTT, C.J., and WALTZER and LANDRIEU, JJ.
LANDRIEU, Judge.
In this maritime action, plaintiffs, Stephen Michael Phillips and his wife, Judith Renee Peterson Phillips, appeal the dismissal of Mrs. Phillips' suit on an exception of venue. We affirm.

FACTS
On December 18, 1988, while working as a deckhand aboard the M/V DONNIE RAY, JR. in the Mississippi River near Baton Rouge, Louisiana, Mr. Phillips sustained injuries to his head, neck, back and knees. As he was climbing a flagpole on the vessel, it snapped and plaintiff fell to the deck of the vessel. Several months prior to the accident, the flagpole had been repaired by Mississippi Marine Corporation.
Plaintiffs filed suit in St. Bernard Parish[1] against Water Towing, Inc., D.W. Rentals, Inc. (incorrectly named D.W. Reynolds, Inc.), and Mississippi Marine Corporation pursuant to the Jones Act and General Maritime Law.[2] Water Towing, Inc. and D.W. Rentals' insurer, the Standard Steamship Owners Protection and Indemnity Association, (Bermuda Ltd.) (hereinafter "Standard"), were added to the suit by First Supplemental and Amending Petition for Damages. Water Towing, Inc. is Mr. Phillips' employer, and D.W. Rentals, Inc., its subsidiary, is the owner of the M/V DONNIE RAY, JR. Mississippi Marine Corporation is a company unrelated to Water Towing and is not Phillips' employer. As a cause of action against his employer and its subsidiary, plaintiffs alleged unseaworthiness and negligence. Plaintiffs further asserted a negligence cause of action against Mississippi Marine Corporation. Included in the petition is Mrs. Phillips' loss of consortium claim.
Defendant Standard filed a declinatory exception of improper venue and preemptory exceptions of no cause of action and no right of action. Following a hearing, the trial court maintained Standard's exception of venue and dismissed plaintiffs' suit. In its reasons for judgment, the trial court concluded that since Mrs. Phillips had no cause of action for loss of consortium, and she was the only plaintiff who resided in St. Bernard Parish, venue in St. Bernard would not be proper.
Plaintiffs filed a motion for a new trial, or in the alternative, to amend the judgment and transfer the case to a place of proper venue. An amended judgment maintained Standard's exception of improper venue and transferred the matter to East Baton Rouge Parish.

DISCUSSION
Plaintiffs contend the trial court committed reversible error when it dismissed Mrs. Phillips' loss of consortium claim. Specifically, they argue since Mrs. Phillips' loss of consortium claim was premised on a negligence theory against Mississippi Marine Corporation, a general maritime law defendant, which was not Mr. Phillips' Jones Act employer, the shipowner, or charterer of the vessel upon which Mr. Phillips' accident occurred, Mrs. Phillips had a valid claim.
Regardless of whether a claim is brought under DOHSA, the Jones Act, or *1389 general maritime law, there is no recovery for loss of society for a wrongful death of a Jones Act seaman. Miles v. Apex Marine Corp., 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990). The Supreme Court emphasized the need for uniformity concerning the claims available under the Jones Act and the general maritime law. Id. 111 S.Ct. at 324-25. "It would be inconsistent with our place in the constitutional scheme were we to sanction more expansive remedies in a judicially-created cause of action [unseaworthiness] in which liability is without fault than Congress has allowed in cases of death resulting from negligence." Id. 111 S.Ct. at 326.
In Anglada v. Tidewater, Inc., 752 F.Supp. 722 (E.D.La.1990), plaintiffs filed suit pursuant to the Jones Act and general maritime law for injuries Mr. Anglada sustained while working aboard the M/V Sheffie Tide. Included within their complaint, Mrs. Anglada asserted a claim for loss of consortium and society. Concluding Mrs. Anglada had no claim for loss of society and consortium, the trial court dismissed her claim.
In Cater v. Placid Oil Co., 760 F.Supp. 568 (E.D.La.1991), the district court held there could be no spouse's recovery for loss of consortium under general maritime law involving nonfatal injury of Jones Act seaman. Plaintiff, an injured seaman, sought to amend her complaint against her employer and a third party to add her spouse and his claim for loss of society.
In Turley v. Co-Mar Offshore Marine Corp., 766 F.Supp. 501 (E.D.La.1991), the plaintiff and his wife brought Jones Act and general maritime claims against both the plaintiff's employer, CoMar, and Conoco, a non-employer defendant for injuries he allegedly sustained aboard the M/V C/ENFORCER, a vessel operated by Co-Mar. Citing Miles, the district court dismissed the wife's loss of consortium, services and society claims as to both defendants. See also, Michel v. Total Transp., Inc., 957 F.2d 186, 191 (5th Cir.1992) and Murray v. Anthony J. Bertucci Const. Co., Inc., 958 F.2d 127 (5th Cir.1992), cert. denied ___ U.S. ___, 113 S.Ct. 190, 121 L.Ed.2d 134 (1992).
In Dunbar v. American Commercial Barge Lines Co., 771 F.Supp. 151 (M.D.La. 1991), defendant Cooper/T. Smith Stevedoring Company filed a motion for summary judgment, seeking to dismiss Mrs. Dunbar's claim for loss of society and consortium. In accordance with Miles and Anglada, the district court dismissed the seaman's wife's claim for loss of society and consortium.
In Duplantis v. Texaco, Inc., 771 F.Supp. 787 (E.D.La.1991), seaman filed action against oil company under the general maritime law, seeking to recover damages for injuries he sustained when he attempted to free his fishing nets from submerged obstructions allegedly left by Texaco. Relying on Cater, the district court held that the general maritime law does not allow a spousal claim for loss of consortium against a general maritime law negligence defendant. Here, the loss of society claim was dismissed against a purely non-employer defendant; there was no Jones Act claim involved.
In support of their proposition that Mrs. Phillips has a valid claim for loss of consortium, plaintiffs cite Simeon v. T. Smith & Son, Inc., 852 F.2d 1421 (5th Cir.1988), certs. denied 490 U.S. 1106, 109 S.Ct. 3156, 104 L.Ed.2d 1019 (1989), Verdin v. L & M Bo-Truc Rental, Inc., 88-308 1991 WL 87930 (E.D.La. May 21, 1991), Larsen v. Ingram Industries, Inc., 89-1327 (E.D.La. 1991)[3] and Rebstock v. Sonat Offshore Drilling, 764 F.Supp. 75 (E.D.La.1991).
Although the court in Simeon held that a general maritime law defendant which is not the injured seaman's employer is liable for loss of consortium based on its own negligence, Simeon pre-dated Miles and now lacks precedential value. In Rebstock, the district court relied upon Tullos v. Resource *1390 Drilling, Inc., 750 F.2d 380 (5th Cir.1985) when it held that loss of consortium damages were recoverable in a general maritime law negligence action against third parties. Mrs. Tullos' loss of consortium claim was not asserted as part of the Jones Act relief sought but in conjunction with the negligence claim against a nonemployer defendant under general maritime law. Since Tullos was decided on the basis of Cruz[4] which was overruled, the legal reasoning applied in Rebstock is based on case law which has been undermined.
Considering Miles and its progeny, we find that the wife of an injured seaman has no cause of action for loss of consortium under the general maritime law. Accordingly the trial court did not err when it dismissed Mrs. Phillips' suit.
Having concluded Mrs. Phillips has no cause of action, we must determine whether venue is proper in St. Bernard Parish. Here, all the defendants were nonresident foreign corporations, and Standard in particular was a foreign insurer. La. Rev.Stat.Ann. § 13:3203 (West 1991) provides that proper venue under the Long Arm Statute is the parish where the plaintiff is domiciled, or in any parish of proper venue under any provision of the Louisiana Code of Civil Procedure other than Article 42. Since Mrs. Phillips was the only plaintiff who resided in St. Bernard Parish, venue would not be proper there. Accordingly, the trial court did not err when it granted Standard's exception of venue and transferred the case to East Baton Rouge Parish.
AFFIRMED.
SCHOTT, C.J., concurs.
WALTZER, J., dissents with written reasons.
SCHOTT, Chief Justice, concurring:
This court has already held that the wife of an injured seaman had no cause of action for loss of consortium under the Jones Act or the general maritime law in a suit against her husband's employer. Fortenberry v. ODECO, Inc., 607 So.2d 950 (La. App. 4th Cir.1992). The present suit is against a non-employer defendant, but the same result obtains.
WALTZER, Judge, dissenting with written reasons.
Today we are also handing down a companion case entitled Vedros v. Public Grain Elevator et al., 620 So.2d 1376 (La. App. 4th Cir.1993). In Vedros, plaintiff is a longshore harbor worker injured within 3 miles of the Louisiana coast who is not suing his employer. Under Miles, the Vedros plaintiff is allowed to recover pecuniary and non-pecuniary losses. In the instant case, plaintiff is a seaman, thus under Miles he is not entitled to so recover against his employer. Because Water Towing and D.W. Reynolds are his employers, under Miles he would not be able to recover against them. Under Miles, however, Mississippi Marine Corporation is not his employer, but rather is a third-party tortfeasor against whom he is able to recover. Because Mississippi Marine Corporation is not an employer, but rather is a third-party tortfeasor, Mrs. Phillips has a right to a loss of consortium claim against that defendant, thus she has a live, viable cause of action and venue is thus proper in St. Bernard. Finally we note that Miles was a wrongful death action and that plaintiff in the instant case is not dead. This is a distinction for which we are sure plaintiff is grateful, even if the court of appeal sees no distinction.
Finally, this writer believes that the statement in the concurrence "The present suit is against a non-employer defendant, but the same result obtains." is manifestly erroneous and clearly wrong. The distinction between suits against employers and suits against non-employer third-party tortfeasors is well established in law, although continuously ignored by this court. It should be noted that writs were never applied for in the Fortenberry case.
NOTES
[1] According to plaintiffs' petition, Mr. Phillips is a resident of and domiciled in the State of Louisiana and Mrs. Phillips is a resident of and domiciled in the Parish of St. Bernard.
[2] In the alternative, plaintiffs allege that defendants were liable under the Louisiana law concept of negligence. However, where a plaintiff sustained injuries as a result of an accident occurring in navigable waters while aboard a moving boat, and plaintiffs' petition alleged that the injuries were caused by the negligence of the manufacturer in design of the vessel, the tort claim was within admiralty jurisdiction. Therefore, federal substantive maritime law applies. McCraine v. Hondo Boats, Inc., 399 So.2d 163 (La.1981), cert. denied 458 U.S. 1105, 102 S.Ct. 3483, 73 L.Ed.2d 1366 (1982); Antill v. Public Grain Elevator, 577 So.2d 1039 (La.App. 4th Cir.1991), writ denied 581 So.2d 684 (La. 1991).
[3] Verdin and Larsen are unpublished opinions. According to Rule 2-16.3 of the Louisiana Rules of Court (West 1992), unpublished opinions shall not be cited, quoted, or referred to by any counsel, or in any argument, brief, or other materials presented to any court, except in continuing or related litigation.
[4] Cruz v. Hendy Intern Co., 638 F.2d 719 (5th Cir.1981).