633 So.2d 277 (1993)
Sabrina Dixon, Wife of and Stanley DIXON, Individually and on Behalf of Their Minor Children, Cedric Dixon, Frederick Dixon and Ricardo Dixon
v.
CLIFFS DRILLING COMPANY and Nika Corporation.
No. CA 92 2188.
Court of Appeal of Louisiana, First Circuit.
November 24, 1993.
*278 Lawrence D. Wiedemann, John H. Denenea, Jr., Wiedemann & Wiedemann, New Orleans, for plaintiffs/appellant.
Walter K. Jamison, III, Jamison & Philipp, Lafayette, for Cliff Drilling Co., defendant.
Paul B. David, Broussard, David & Daigle, Lafayette, for Nika Corp., defendant.
Before CARTER, GONZALES and WHIPPLE, JJ.
GONZALES, Judge.

FACTS
This action arises out of an accident which occurred on November 27, 1990, while Stanley Dixon was being transported by a personnel basket from the M/V Candy Carton to the MARLIN-7. At the time of the accident, Dixon was employed by Cliffs Drilling Company (Cliffs Drilling), owner of the MARLIN-7. Mr. Dixon filed suit against Cliffs Drilling under the Jones Act, 46 U.S.C.App. § 688 and also under the general maritime doctrine of unseaworthiness, invoking jurisdiction under 28 U.S.C. § 1333(1), otherwise known as the Savings to Suitors Clause. Mr. Dixon also filed a general maritime claim asserting the negligence and unseaworthiness of the vessel M/V Candy Carton against NIKA Corporation (NIKA), the owner of the crew boat Candy Carton. In addition to Mr. Dixon's own claim, a claim was asserted for loss of consortium, including services, support and society, by his spouse, Sabrina Dixon, for herself and on behalf of the Dixon's minor children, Cedric, Frederick and Ricardo Dixon.
Cliffs Drilling filed an exception raising the objections of "no right or cause of action" with respect to the loss of consortium and society claims on April 24, 1991, on the basis that such claims were not viable under the Jones Act and were no longer viable under the general maritime law. NIKA filed a peremptory exception raising the objections of "no right or cause of action" on May 8, 1991, on the basis that such claims were not viable under the Jones Act or general maritime law. A judgment sustaining the exception raising the objections of "no cause and/or right of action" by Cliffs Drilling Company was signed on July 7, 1992, dismissing the claims for loss of consortium, society, services and support asserted by Sabrina Dixon, individually and on behalf of the couple's minor children. A judgment sustaining NIKA Corporation's peremptory exception raising the objections of "no right or cause of action" was signed on July 13, 1992, dismissing the claim for loss of consortium, and/or loss of support and society asserted by Sabrina Dixon and the couple's minor children.
Ms. Dixon is appealing the granting of the exceptions raising the objections of "no cause and/or right of action"[1] which dismissed the *279 claims for loss of consortium, society, services and support, arguing that such claims are viable under general maritime law.

ANALYSIS
The law to be applied to admiralty claims is federal substantive admiralty law or maritime law. McCraine v. Hondo Boats, Inc., 399 So.2d 163, 165 (La.1981), cert. denied, 458 U.S. 1105, 102 S.Ct. 3483, 73 L.Ed.2d 1366 (1982). In Miles v. Apex Marine Corporation, 498 U.S. 19, 31, 111 S.Ct. 317, 325, 112 L.Ed.2d 275 (1990), the court stated:
DOSHA [the Death on The High Seas Act], by its terms, limits recoverable damages in wrongful death suits to "pecuniary loss sustained by the persons for whose benefit the suit is brought." 46 U.S.C.App. § 762 (emphasis added). This explicit limitation forecloses recovery for nonpecuniary loss, such as loss of society, in a general maritime action.
Mrs. Dixon argues that the Miles case, in which the seaman was killed, can be differentiated from the case sub judice, in which the seaman was only injured. In Michel v. Total Transportation, Inc., 957 F.2d 186, 191 (5th Cir.1992), a consortium claim was brought by the spouse of an injured seaman and the court found:
[Plaintiff] argues that we are still bound by the holding in Cruz v. Hendy Int'l Co., 638 F.2d 719 (5th Cir.1981) that the spouse of a seaman whose injuries are attributable to the unseaworthiness of a vessel has a general maritime cause of action for loss of his society. Id. at 721. [Plaintiff] asserts that the Miles holding did not affect the validity of Cruz because Miles involved a wrongful death claim and Cruz involved a personal injury claim. [Plaintiff] also argues that a claim for loss of consortium in a personal injury action was allowed at common law when the Jones Act became law; and therefore, Congress intended to incorporate this type of recovery into the Jones Act.
... We choose to follow the lead of Miles and hold that damages recoverable in general maritime causes of action for personal injury of a Jones Act seaman do not include loss of consortium. To the extent that Cruz differs with this holding, we think that it does not survive Miles. We join several Louisiana district courts who have considered the issue and have held that Miles applies to claims for loss of society or consortium in personal injury cases brought under general maritime law. See, e.g., Dunbar v. American Commercial Barge Lines Co., 771 F.Supp. 151, 152 (M.D.La.1991); West v. Zapata Gulf Marine Corp., 766 F.Supp. 502, 503 (E.D.La. 1991); Cater v. Placid Oil Co., 760 F.Supp. 568, 570 (E.D.La.1991); Breland v. Western Oceanic, Inc., 755 F.Supp. 718, 719 (W.D.La.1991); and Anglada v. Tidewater, Inc., 752 F.Supp. 722, 725 (E.D.La.1990).
(References deleted).
In Murray v. Anthony J. Bertucci Construction Company, Inc., 958 F.2d 127 (5th Cir.), cert. denied, ___ U.S. ___, 113 S.Ct. 190, 121 L.Ed.2d 134 (1992), another panel of the U.S. Fifth Circuit Court of Appeals found that the Supreme Court's decision in Miles barred both the spouse and the children of an injured seaman from recovering for loss of society.
The finding that an injured seaman's spouse has no claim for loss of consortium has been recognized by this court in Collins v. Texaco, Inc., 607 So.2d 760 (La.App. 1st Cir.1992); and by other Louisiana appellate courts in Martin v. G & A Ltd., 604 So.2d 1014 (La.App. 3d Cir.), writs denied, 607 So.2d 557 (La.1992); Jenkins v. Kerr-McGee Corp., 613 So.2d 1097 (La.App. 3d Cir.), writs denied, 616 So.2d 701, 702 (La.1993); Gray v. Texaco, Inc., 610 So.2d 1090 (La.App. 3d Cir.1992), writs denied, 616 So.2d 686, 687 (La.1993); Dickey v. Ocean Drilling & Exploration, 598 So.2d 1259 (La.App. 4th Cir. *280 1992); and Fortenberry v. Odeco, Inc., 607 So.2d 950 (La.App. 4th Cir.1992).
Despite the great weight of authority against her claims, Mrs. Dixon argues that the consortium claims against NIKA are still viable because NIKA is a non-employer defendant, and Miles should be narrowly interpreted to only bar consortium claims against a defendant who is an employer. We find no merit in this contention. In Collins, 607 So.2d 760, this Court made no distinction between an employer defendant and a non-employer defendant in finding no consortium claim existed for the injured seaman. As stated in Miles and reiterated in Murray and Michel, the holding in Miles stemmed from a desire for consistency under DOSHA, the Jones Act and general maritime law. To make such a distinction and allow consortium claims against non-employer defendants, but not against employer defendants, would result in the antithesis of consistency.
Also, Mrs. Dixon argues that some of the loss of consortium claims, including loss of services and support, are pecuniary in nature, and therefore are recoverable because Miles only found that non-pecuniary claims, such as for loss of society, were not recoverable by a seaman's spouse. This argument is raised for the first time on appeal. The elements of a spouse's loss of consortium claim include loss of love and affection; loss of companionship; impairment of sexual relations; loss of material services; loss of support; loss of aid and assistance; and loss of felicity. Higley v. Kramer, 581 So.2d 273, 282 (La.App. 1st Cir.), writ denied, 583 So.2d 483 (La.1991); Finley v. Bass, 478 So.2d 608, 614 (La.App. 2d Cir.1985). Loss of material services and loss of support have been construed to be financial losses. See Higley v. Kramer, 581 So.2d at 282; Finley v. Bass, 478 So.2d at 614. We find no merit in Mrs. Dixon's contention that the pecuniary elements of her consortium claim are viable, noting that Miles has specifically been interpreted in the foregoing cases by the U.S. Fifth Circuit Court of Appeals, this Court and the Second and Third Circuit Courts of Louisiana to prohibit consortium claims by a seaman's spouse. These cases make no distinction between non-pecuniary and pecuniary elements of a consortium claim.
Therefore, for the foregoing reasons, the judgments sustaining the peremptory exceptions raising the objections of "no right of action and no cause of action" are affirmed. Costs are assessed against Mrs. Dixon.
AFFIRMED.
NOTES
[1] We note that no right of action and no cause of action are two distinct objections. The first questions whether the plaintiff has an interest in the suit. The second questions whether the plaintiff is afforded any remedy at law for his asserted damages. La.C.C.P. art. 927. The two are not synonymous, nor are they interchangeable. Keen v. Louisiana Farm Bureau Insurance Company, 583 So.2d 835, 836 (La.App. 1st Cir.), writ denied, 587 So.2d 699 (La.1991). Here, we find that Mrs. Dixon, individually and on behalf of her minor children, has no right of action and no cause of action because the law is clear that there are no consortium claims available to the spouse and children of an injured seaman.