IíDECUIR, J.,
dissenting.
I respectfully dissent and would grant the writ.
The majority opinion fails to follow established precedent of this court, the federal district courts, and the United States Supreme Court. In so doing, the majority undermines the strong federal policy in favor of uniformity in maritime law. I do not believe that such an intrusion by this court into the general maritime law is warranted or permissible. Moreover, the majority’s unwarranted intrusion is especially egregious in this case because the accident occurred on the outer continental shelf, well outside the territorial waters of Louisiana.
Bertrand v. Air Logistics, Inc., 01-1655 (La.App. 3 Cir. 6/19/02), 820 So.2d 1228, is clearly on point in this case. Unable to escape this obvious point, the majority concludes that Bertrand was incorrectly decided. I must disagree.
The majority cites Green v. Industrial Helicopters, Inc., 593 So.2d 634, 639 for the proposition that “Louisiana may afford a remedy not traditionally found in the maritime law, provided that the remedy neither conflicts with substantive maritime law nor impermissibly interferes with the requirement of uniformity.” The majority argues that its opinion does not interfere with uniformity because Shields is not a seaman. This argument might be persuasive were the restrictions on the recovery of non-pecuniary damages limited to cases arising under the Jones Act, DOHSA, or other statutory maritime law. This, however, is not the case.
*344 In Miles v. Apex, 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990), the United States Supreme Court clearly extended the limitation to general maritime law. This was to remedy the absurd anomaly that a seaman could not recover nonpecu-niary damages under statutory maritime law but could recover those damages under the general maritime law. In so doing, the court declined to narrowly limit the scope of its prior decisions regarding uniformity.
Despite the Supreme Court’s unwillingness to narrowly interpret itself, the majority insists on narrowly construing Miles to provide Shields with a loss of consortium claim. The majority is creating a new anomaly whereby under the general maritime law, as interpreted by the majority, a seaman may not recover nonpecuni-ary damages for injuries on the high seas but a non-seaman' may. In straining to reach this result, the majority' cannot escape Bertrand.
Instead, the' majority finds that Bertrand is wrong and relies on the reasoning in Warren v. Sabine Towing and Transportation Co., 01-573 (La.App. 3 Cir. 10/30/02), 831 So.2d 517, writs denied, 02-2926, 836 So.2d 116, 02-2927, 836 So.2d 116, 02-2936 (La.2/14/03), 836 So.2d 116. In Warren, this court carved out a narrow exception for a seaman to recover nonpe-cuniary damages when suing a non-employer manufacturer. The first and fourth circuits have both rejected such an exception. See Dixon v. Cliffs Drilling Company, 92-2188 (La.App. 1 Cir. 11./24/93), 633 So.2d 277; Trahan v. Texaco, Inc., 93-39 (La.App. 4 Cir. 9/30/93), 625 So.2d 295. Likewise, in ■ declining to follow Wan-en, the United' States District Court for the Eastern District of Louisiana found that Warren suffered from “certain inconsistencies” together with “a fundamental misapplication of Miles.” Scarborough v. Clemco Industries, 264 F.Supp.2d 437 (E.D.La.2003).
laSimilar to the Scarborough court, I find the majority’s attempts to distinguish this case from Miles, and the federal district courts that have followed it, unpersuasive. I find that Bertrand correctly applied Miles in concluding that to allow the recovery of nonpecuniary damages by a non-seaman injured on the high seas would contradict the policy of uniformity espoused in Miles.
For the foregoing reasons, I respectfully dissent and would grant the writ.