598 So.2d 1259 (1992)
Emanuel DICKEY, Jr., et al.
v.
OCEAN DRILLING & EXPLORATION CO.
No. 91-CA-1483.
Court of Appeal of Louisiana, Fourth Circuit.
April 30, 1992.
John H. Denenea, Jr., Lawrence Wiedemann, Wiedemann & Wiedemann, New Orleans, for plaintiff/appellant.
James R. Silverstein, Patrick J. McShane, Lemle & Kelleher, New Orleans, for defendant/appellee.
Before KLEES, PLOTKIN and JONES, JJ.
PLOTKIN, Judge.
The sole issue in this appeal is whether children of an injured seaman have a cause of action for loss of their father's society under the general maritime law subsequent to the United States Supreme Court's opinion in Miles v. Apex Marine Corp., ___ U.S. ___, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990). The trial court concluded that children do not have such an action. We affirm.
Facts:
Dickey suffered back and other injuries when he slipped and fell in "gumbo" and oil-based mud while trying to insert a joint of pipe in the rat hole, while working on the deck of the OCEAN TOWER, a vessel owned and operated by defendant Ocean Drilling & Exploration Co. (ODECO). Dickey filed suit, claiming his injuries were caused by the negligence of ODECO and by the unseaworthiness of the vessel; thus, his claims fall under both the Jones Act and the general maritime law. Dickey's two minor daughters, Givenda and Gena Dickey, are also plaintiffs in the suit; they seek damages for loss of their father's society.
ODECO filed a motion for partial summary judgment on the loss of society claims brought by the daughters, which was granted by the trial judge. Plaintiff appeals the dismissal of the children's claims.
Discussion:
Plaintiff brought suit under both the Jones Act and the general maritime law. However, it is well settled that damages recoverable under the Jones Act are limited to pecuniary losses. Miles, ___ U.S. at ___, 111 S.Ct. at 325. Thus, the plaintiff's children have no cause of action for loss of society under that statutory scheme. However, the question of whether loss of society damages are recoverable *1260 under the general maritime law has not been determined either by a Louisiana court or by the United States Supreme Court.
In the Miles case, the United States Supreme Court disallowed recovery for loss of society to a non-dependent parent who brought a wrongful death action for damages occasioned by her son's murder while on board a vessel. The question before this court is whether that decision should be expanded to disallow recovery for loss of society to dependent children seeking damages occasioned by their father's injury. The plaintiff argues strenuously that the two distinctions between the facts in this case and the facts in the Miles case demands a different result. However, following a close study of the Miles opinion, as well as the lower federal court decisions interpreting Miles, we find that the trial court's conclusion that children of seamen have no cause of action for loss of society damages occasioned by their father's injury was correct for three reasons.
First, the Miles opinion is clearly grounded in a desire for consistency in remedies available under the Death on the High Seas Act (DOSHA), the Jones Act, and general maritime law. The Miles opinion described the "fundamental principles" which guided its decision as follows:
We no longer live in an era when seamen and their loved ones must look primarily to the courts as a source of substantive legal protection from injury and death; Congress and the States have legislated extensively in these areas. In this era, an admiralty court should look primarily to ... enactments for policy guidance. We may supplement these statutory remedies where doing so would achieve the uniform vindication of such policies consistent with our constitutional mandate, but we must also keep strictly within the limits imposed by Congress. Congress retains superior authority in these matters, and an admiralty court must be vigilant not to overstep the well-considered boundaries imposed by federal legislation. These statutes both direct and limit our actions.
Id. at ___, 111 S.Ct. at 323. The Supreme Court in Miles went on to discuss both the Jones Act and DOSHA. The court noted that both of those statutory schemes preclude recovery for non-pecuniary damages. See Id. at ___, 111 S.Ct. at 325. The conclusion then focuses on the Jones Act, stating as follows:
The general maritime claim here alleged that [the plaintiff's decedent] had been killed as a result of the unseaworthiness of the vessel. It would be inconsistent with our place in the constitutional scheme were we to sanction more expansive remedies in a judicially-created cause of action in which liability is without fault than Congress has allowed in cases of death resulting from negligence. We must conclude that there is no recovery for loss of society in a general maritime action for the wrongful death of a Jones Act seaman.
Id. at ___, 111 S.Ct. at 326. By the same reasoning, it would be inconsistent for us to sanction a more expansive judicially-created cause of action in this case than that allowed by Congress for injuries under the Jones Act. The Miles opinion concludes by noting that the decision "restore[s] a uniform rule applicable to all actions for the wrongful death of a seaman, whether under DOSHA, the Jones Act, or general maritime law." In this case, uniformity between the Jones Act and general maritime law can be achieved only by disallowance of the plaintiff's children's claim for loss of society damages.
Second, the Miles opinion indicates that only those remedies available under the general maritime law at the time the Jones Act was enacted by Congress should be recognized. This issue is discussed thoroughly in the erudite opinion written by Judge Martin Feldman in Anglada v. Tidewater, Inc., 752 F.Supp. 722 (E.D.La.1990). J. Feldman's opinion includes a comprehensive discussion of the historical development of the Jones Act and the general maritime law as a part of its interpretation of the Miles opinion in a case involving a cause of action in loss of consortium and *1261 society filed by the wife of an injured seaman. The opinion states as follows:
Therefore, if at the time Congress enacted the Jones Act, loss of society or consortium damages were available to spouses of injured seamen under {the] unseaworthiness doctrine, those damages would necessarily be preserved by the same rationale that Apex Marine uses to conclude that "Congress must have intended to incorporate" into the Jones Act the judicially created limitation of FELA damages to pecuniary ones; namely, the assumption that "Congress is aware of existing law when it passes legislation." Apex Marine, ___ U.S. at ___, 111 S.Ct. at 325. Damages for loss of society were not recognized under the general maritime law as it existed at the time the Jones Act was passed.
In fact, the same series of decisions that Apex Marine abandons are those that courts relied on to create the general maritime right of a spouse to damages for loss of consortium (long after enactment of the Jones Act).
Id. at 724. Since damages for loss of society were not recognized under the general maritime law at the time the Jones Act was enacted, the Miles opinion forecloses recognition of the cause of action now.
Third, one of the distinctions between Miles and the instant casethe fact that the seaman in Miles died, while the seaman in the instant case was injuredmakes recognition of a cause of action here inconsistent and illogical. Pertinent to this issue is the following language from Breland v. Western Oceanic, Inc., 755 F.Supp. 718 (W.D.La.1991):
To suggest that a widow can receive no loss of society damages, but that the wife of an injured seaman can, injects confusion into a decision which was intended to create uniformity between action under DOHSA, the Jones Act, and the General Maritime Law.
Id. at 719. The Breland opinion concludes by interpreting Miles to disallow all "non-pecuniary claims which are not permitted under the Jones Act." Id.
Citing essentially the same reasons discussed herein, the United States Fifth Circuit Court of Appeal recently held that "damages recoverable in general maritime causes of action for personal injury of a Jones Act seaman do not include loss of consortium." Michel v. Total Transportation, Inc., 957 F.2d 186, 191 (5th Cir.1992). The Michel opinion goes on to "join several Louisiana district courts who have considered the issue and have held that Miles applies to claims for loss of society or consortium in personal injury cases brought under general maritime law." Id. (Emphasis added.)
For the reasons stated hereinabove, we find that children of injured seaman have no cause of action for loss of society under the general maritime law. We note however that this result is based solely on the United States Supreme Court's decision in Miles, which we are bound to follow, and is strictly limited to cases filed under the general maritime law; it does not apply to cases brought under Louisiana law. A child's right to loss of society damages occasioned by a parent's injury has not yet been determined under Louisiana law.
Since Miles was issued, this court has previously considered two supervisory writ applications on this issue. In Allen v. ODECO, No. 90-C-1840 (La.App. 4th Cir. Jan. 10, 1991), we granted the plaintiff's request and ordered the trial court to consider whether the children of an injured seaman were entitled to loss of society damages under the general maritime law. Then, in Alderman v. ODECO, No. 91-C-1781 (La.App. 4th Cir. Nov. 15, 1991), this court cited Allen and found no abuse of discretion when the trial judge allowed loss of society damage claims to go to trial. After full briefing and thorough consideration of the issue, we conclude that loss of society claims are not available to children of injured seamen under Miles. Accordingly, Alderman and Allen are hereby overruled[1] to the extent they are inconsistent with this opinion.
*1262 Conclusion:
The trial court judgment granting defendant ODECO's motion for summary judgment against the plaintiff is affirmed.
AFFIRMED.
NOTES
[1] Pursuant to the requirements for overruling previous opinions out of this circuit, this opinion has been submitted to all twelve judges of this court. A majority has voted to overrule Allen and Alderman.