607 So.2d 950 (1992)
W.S. FORTENBERRY, Jr. and Vita Ann Fortenberry
v.
ODECO, INC.
No. 91-CA-2605.
Court of Appeal of Louisiana, Fourth Circuit.
October 29, 1992.
David J. Kain, Chester C. Stetfelt, Jr., Jacobs, Manuel & Kain, New Orleans, for plaintiffs/appellants.
Wilton E. Bland, III, David M. Flotte, Hebert, Mouledoux & Bland, New Orleans, for defendant/appellee.
Before SCHOTT, C.J., LOBRANO and JONES, JJ.
LOBRANO, Judge.
The issue presented in this appeal is whether the wife of an injured seaman has a claim for loss of consortium under either the Jones Act or general maritime law.
FACTS:
W.S. Fortenberry and his wife, Vita Ann Fortenberry filed suit against ODECO, Inc., Fortenberry's employer seeking damages under the Jones Act and general maritime law as a result of personal injuries sustained by the husband aboard ODECO's vessel. The wife claims damages for loss of consortium.
ODECO filed a motion for partial summary judgment as to the wife's claim arguing that loss of consortium is not recognized under the Jones Act or general maritime law. In support, it relies on Miles v. Apex Marine Corp., 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990).
The trial court granted ODECO's motion, and dismissed the loss of consortium claim. Mrs. Fortenberry perfects this appeal.
In Dickey v. Ocean Drilling & Exploration Co., 598 So.2d 1259 (La.App. 4th Cir. 1992) this court held that the children of an injured seaman have no claim for the loss of their father's society under the general maritime law. The Federal Fifth Circuit Court of Appeals has held that the wife and children of an injured Jones Act seaman do not have a claim for loss of consortium under the general maritime law, Michel v. Total Transportation, Inc., 957 *951 F.2d 186 (5th Cir.1992) nor under the Jones Act. Murray v. Anthony J. Bertucci Construction Co., 958 F.2d 127 (5th Cir.1992).
Each of the above decisions relied on Miles, supra in reaching the conclusion that a claim for loss of consortium is not recognized under the Jones Act and general maritime law. For the same reason, we hold that the wife's claim in this case is precluded.
Mrs. Fortenberry, however, argues that American Export Lines, Inc. v. Alvez, 446 U.S. 274, 100 S.Ct. 1673, 64 L.Ed.2d 284 (1980) is supportive of her position and that Miles did not overrule that decision. The Alvez case did recognize a cause of action under general maritime law for the recovery of loss of society damages by the spouse of a longshoreman injured aboard a vessel in state territorial waters. However, Alvez relied on Sea-Land Services, Inc. v. Gaudet, 414 U.S. 573, 94 S.Ct. 806, 39 L.Ed.2d 9 (1974) in reaching that result and the court in Miles specifically limited Gaudet to its peculiar facts.[1] The Court, in Murray v. Anthony J. Bertucci Construction Co., supra, in rejecting plaintiff's reliance on Alvez, stated:
"The Murrays rely on Alvez and Cruz [v. Hendy International Co., 638 F.2d 719 (5th Cir.1981) ] and argue that Miles has not altered them. We disagree. First, Miles removed the judicial underpinning of Alvez and Cruz, in which the Murrays' argument rests. Miles specifically limited Gaudetthe starting point for Alvez and Cruzto its facts. The Court found the `holding of Gaudet applies only in territorial waters, and it applies only to longshoremen.' Miles, [498] U.S. [at ____], 111 S.Ct. at 325, 112 L.Ed.2d at 290. Consequently, Miles must have, at least implicitly, placed the same restriction on Alvez because that opinion merely extended Gaudet to personal injury actions." Murray at 130.
For these same reasons we find Alvez unsupportive of Mrs. Fortenberry's arguments. Accordingly we affirm the trial court's judgment.
AFFIRMED.
NOTES
[1] Gaudet involved the death of a longshoreman while working on a vessel in state territorial waters. The recovery recognized in Gaudet and its progeny has now been precluded by the 1972 amendments to the Longshoremen and Harbor Workers Compensation Act. 33 U.S.C. 905(b).