Arnold L. **LANE** and **Barbara Lane, Plaintiffs,**

v.

**G & C TOWING COMPANY, INC., et al., Defendants.**

Civ. A. No. 6:92–0042.

United States District Court, S.D. West Virginia, Parkersburg Division.

Aug. 19, 1992.

Walter C. Hornbeck, Lawrence & Schletker, Covington, Ky., for plaintiffs.

Virginia C. Colburn, Thomas W. Pettit, Vinson, Meek, Pettit & Colburn, Huntington, W.Va., for defendants.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is Defendants' motion for partial summary judgment. The issue is whether the spouse of an injured Jones Act seaman may recover for loss of society and consortium based on a general maritime action. The Court concludes that such damages are not recoverable and, therefore, grants Defendants' motion for partial summary judgment.

Under Rule 56(c), Federal Rules of Civil Procedure, summary judgment is proper only:

"[I]f the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law."

Plaintiff Arnold Lane is alleging personal injuries resulting from exposure to excessive noise, dust, asbestos and diesel fumes during his years of employment with Defendant G & C Towing Company, Inc. He brought this action pursuant to the Jones Act, 46 U.S.C.A.App. § 688 and general maritime law. As a result of the alleged injuries, Plaintiff's spouse seeks damages for loss of society and consortium. Defendant G & C Towing moves for partial summary judgment to prevent recovery of such damages.

The Court's decision to grant summary judgment rests primarily on *Miles v. Apex Marine Corp.*, 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990). In *Miles*, plaintiff sought recovery of non-pecuniary, loss of society damages for the wrongful death of her son. Her son was a Jones Act seaman. The Court refused to allow recovery, stating that it "would be inconsistent with our place in the constitutional scheme were we to sanction more expansive remedies in a judicially created cause of action in which liability is without fault than Congress has allowed in cases of death resulting from negligence." *Id.* 498 U.S. at ——, 111 S.Ct. at 326. The Court also noted the shift from general maritime remedies to more uniform statutory remedies: "Today we restore a uniform rule applicable to all actions for the wrongful death of a seaman, whether under Death on the High Seas Act, the Jones Act or general maritime law." *Id.* 498 U.S. at ——, 111 S.Ct. at 326.

Based on the holding in *Miles*, if the Jones Act applies, then remedies beyond those provided in the Jones Act are precluded. Therefore, since the Jones Act has traditionally limited recovery to pecuniary losses, Plaintiff in the present case may not recover non-pecuniary loss of consortium damages under general maritime law.

In opposing the motion, Plaintiff partially relies on *Sea Land Services v. Gaudet*, 414 U.S. 573, 94 S.Ct. 806, 39 L.Ed.2d 9 (1974). The *Gaudet* case involved a general maritime action to recover for the wrongful death of Plaintiff's husband, a longshoreman. Because the incident occurred in territorial waters and involved a longshoreman rather than a seaman, the Court never considered whether the remedies under the Jones Act or Death on the High Seas Act preclude general maritime remedies. The Court ultimately permitted recovery of nonpecuniary, loss of society damages based on a general maritime action.

Contrary to the situation in *Gaudet*, the present case involves a Jones Act seaman. Hence the *Gaudet* case is not helpful in determining the preclusive effect of Jones Act remedies.

Plaintiff also relies on *American Export Lines, Inc. v. Alvez*, 446 U.S. 274, 100 S.Ct. 1673, 64 L.Ed.2d 284 (1980). In this case the wife of a longshoreman sought recovery of loss of society damages due to her husband's personal injury. Because the accident took place in state territorial waters, the court held that the Death on the High Seas Act was inapplicable. The court then stated that while longshoremen are sometimes treated as seamen, the Jones Act still "lacks preclusive effect even with respect to true seamen." *Alvez, supra,* at 283, 100 S.Ct. at 1678. The court ultimately award-

ed loss of society damages based on general maritime law.

In the opinion of this Court, *Alvez*, insofar as it permitted recovery of loss of society, was overruled by the holding in *Miles*.

■ Lastly, Plaintiff argues that the Jones Act only precludes general maritime remedies in wrongful death actions, and not personal injury actions. The Court disagrees, based on the language of the Jones Act statute and the interpretations of other district courts. These courts have consistently held that dependents of a Jones Act seaman are not allowed to recover for loss of society and consortium regardless of whether the seaman suffered personal injuries or was killed. *Breland v. Western Oceanic, Inc.*, 755 F.Supp. 718 (W.V.La. 1991); *Anglada v. Tidewater*, 752 F.Supp. 722 (E.D.La.1990); *Cater v. Placid Oil Co.*, 760 F.Supp. 568 (E.D.La.1991); *Melancon v. Petrostar Corp.*, 762 F.Supp. 1261 (W.D.La.1991).

Accordingly, the Court grants Defendants' motion for partial summary judgment on the claim for loss of society and consortium.