Larry Linn TURLEY

v.

**CO–MAR OFFSHORE MARINE CORP., et al.**

Civ. A. No. 90–2497.

United States District Court, E.D. Louisiana.

March 21, 1991.

Patrick D. McArdle, Laura E. Fahy, McArdle & Fahy, New Orleans, La., for Larry Linn Turley.

John Thomas Nesser, III, Patricia A. Krebs, John Martin Ribarits, Nesser, King & LeBlanc, New Orleans, La., for Co–Mar Offshore Marine Corp. and Conoco, Inc.

## RULING ON MOTION

LIVAUDAIS, District Judge.

The motion by defendants Co–Mar Offshore Marine Corp. ("Co–Mar") and Conoco Inc. ("Conoco") for partial summary judgment as to claims by Mrs. Carolyn Turley for loss of consortium, loss of services, and loss of society was submitted on a prior date.

Plaintiff Mr. Turley filed suit on July 11, 1990, against Co–Mar for injuries he allegedly sustained while employed by Co–Mar on board the M/V C/ENFORCER, a vessel operated by Co–Mar. Mr. Turley alleges that his injuries were caused by the negligence of Co–Mar pursuant to the Jones Act, 46 U.S.C.App. 688, and/or the unseaworthiness of the Enforcer pursuant to general maritime law.

Thereafter, the complaint was amended to add Mrs. Carolyn Turley as plaintiff and claim for recovery for her alleged damages for loss of consortium, services and society based upon the injuries sustained to her husband. Conoco was also made a defendant in the First Amended complaint. Co–Mar and Conoco have filed answers to the complaint and first amended complaint, denying liability to the plaintiffs.

The defendants' motion currently before the court seeks to have Mrs. Turley's claims for loss of consortium, services and society dismissed.

Defendants rely on the recent United States Supreme Court case of *Miles v. Apex Marine Corp.*, —— U.S. ——, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990), and a subsequent decision by Judge Feldman of this Court in *Anglada v. Tidewater, Inc.*[1] The *Miles* court held "that there is no recovery for loss of society in a general maritime action for the wrongful death of a Jones Act seaman." *Miles*, 111 S.Ct. at 326. Judge Feldman expanded the *Miles* decision to include damages for loss of consortium and society in all cases involving Jones Act seamen, whether those damages result from wrongful death or personal injury due to the unseaworthiness of the vessel.

Plaintiffs argue that *Miles* did not address the issue of dependents' claims for loss of consortium and society, but dealt

---

**1.** 752 F.Supp. 722 (E.D.La.1990).

only with the preclusion of recovery of such for *nondependent* parents.

The general language of the *Miles* opinion belies plaintiffs' argument. That court begins with the observation that DOHSA and the Jones Act limit recovery to pecuniary damages for wrongful death actions, and, thus, preclude recovery for loss of society. *Miles*, 111 S.Ct. at 325–26. More importantly, the Court concludes that

> [i]t would be inconsistent with our place in the constitutional scheme were we to sanction more expansive remedies in a judicially-created cause of action [, unseaworthiness,] in which liability is without fault than Congress has allowed in cases of death resulting from negligence. We must conclude that there is no recovery for loss of society in a general maritime action for the wrongful death of a Jones Act seaman.

*Id.* at 326. In so deciding, the Court noted that it has restored uniformity to admiralty law. *Id.* at 326. Moreover, the Court specifically stated that "[m]aritime tort law is now dominated by federal statute, and [courts] are not free to expand remedies at will simply because it might work to the benefit of seamen and those dependent upon them." *Id.* at 327.

Both of the passages quoted above clearly indicate that the Supreme Court has determined that there will be no recovery for nonpecuniary damages under general maritime law—unseaworthiness, based on strict liability—because there can be no recovery of them under federally enacted maritime tort law—such as the Jones Act which is based on negligence.

Accordingly, defendants' motion is GRANTED.