**Lonnie DONAGHEY and Betty Barbin Donaghey**

v.

**OCEAN DRILLING & EXPLORATION COMPANY and/or Odeco, Inc., and Conoco, Inc.**

**Civ. A. No. 90–0163.**

United States District Court, E.D. Louisiana.

May 1, 1991.

**504**

John T. Bennett, John T. Bennett Law Offices, Marksville, La., for plaintiffs.

James Harold Daigle, James H. Brown, Jr., Lemle & Kelleher, New Orleans, La., Patricia A. Krebs, Richard Joseph Guidry, Nesser, King & LeBlanc, New Orleans, La., James Harold Daigle, Douglas Conrad Longman, Jr., Perret, Doise, Daigle, Longman, Russo & Zaunbrecher, Lafayette, La., for defendants.

Kurt Stephen Blankenship, Curry & Blankenship, New Orleans, La., for movant.

## ORDER AND REASONS

LIVAUDAIS, District Judge.

Defendants Odeco Drilling Services, Inc., Old Odeco, Inc., and Conoco, Inc. (hereinafter collectively "Odeco") have filed a motion to dismiss the claims of Betty Barbin Donaghey for loss of consortium. Plaintiff Betty Donaghey opposes this motion.

■ Plaintiff Lonnie Donaghey, a seaman, filed suit against the defendants pursuant to the Jones Act, 46 U.S.C.App. § 688, and the General Maritime law, for injuries he sustained while working aboard the D/B OCEAN TITAN. In the complaint was a claim by Betty Barbin Donaghey for "loss of consortium, service and society."

Non-pecuniary damages, such as loss of consortium and society, are unavailable under the Jones Act and thus the spouses of injured seamen have no claim for such losses under it. *Cruz v. Hendy International Co.*, 638 F.2d 719, 723, 725 (5th Cir.1981), citing *Christofferson v. Halliburton*, 534 F.2d 1147 (5th Cir.1976); *Trahan v. A.M.C. Boats, Inc.*, No. 90–2149 (E.D.La. April 4, 1991) (Sear, J.) (1991 WL 55873, 1991 U.S. Dist. LEXIS 4819).

■ The Supreme Court has recently limited the available damages in wrongful death claims brought under General Maritime law to such damages as are available under the Jones Act, i.e., pecuniary losses. *Miles v. Apex Marine Corp.*, — U.S. —, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990). The federal district courts in the Eastern and Western Districts of Louisiana have extended the *Miles* holding to preclude loss of consortium and society claims by spouses in personal injury claims also. *Anglada v. Tidewater, Inc.*, 752 F.Supp. 722 (E.D.La. 1990 (Feldman, J.); *Breland v. Western Oceanic, Inc.*, 755 F.Supp. 718 (W.D.La. 1991) (Scott, J.); *Branton v. Lennard Pipelines, Inc.*, No. 90–2925 (E.D.La.1991) (Sear, J.) (1991 WL 40263, 1991 U.S.Dist. LEXIS 3564); *Turley v. Co–Mar Offshore Marine Corp.*, 766 F.Supp. 501 (E.D.La. 1991) (Livaudais, J.); *Fleming v. Zapata Gulf Marine Corp.*, No. 90–1602 (E.D.La. 1991) (Mentz, J.) (1991 WL 42583, 1991 U.S. Dist. LEXIS 3730); *Cater v. Placid Oil Co.*, 760 F.Supp. 568 (E.D.La.1991) (Schwartz, J.).

Inasmuch as a deceased seaman's spouse has no claim for non-pecuniary damages, the jurisprudence has firmly agreed that a non-fatally injured seaman's spouse has no such claim either. Therefore, Betty Barbin Donaghey's claim for loss of consortium and society should be dismissed as the spouse of a seaman, either under the Jones Act or under General Maritime law, cannot recover such damages.

Accordingly, for the above and foregoing reasons,

IT IS ORDERED that the motion of the defendants to dismiss Betty Barbin Dona-

ghey's claim for loss of consortium and society be and is hereby GRANTED.