Abdul MUSSA, Charles T. Prescott, Masud Nagi Mahamed, Kaid Sharjatt, Plaintiffs,

v.

CLEVELAND TANKERS, American Steamship Company and Total Petroleum, Inc., Jointly and Severally, Defendants.

Nos. 90–CV–72804–DT, 90–CV–72817–DT, 90–CV–73803–DT, 90–CV–73804–DT and 91–CV–70661–DT.

United States District Court,
E.D. Michigan, S.D.

April 10, 1992.

Dennis M. O'Bryan, Harold A. Perakis, Birmingham, Mich., for Abdul Mussa, Kaid Shajrah, Masud Nagi Mohamed, Charles T. Prescott, III.

Thomas W. Emery, Detroit, Mich., for American Steamship Co.

John L. Foster, Paul D. Galea, Detroit, Mich., for Cleveland Tankers, Inc.

Donald J. Miller, Detroit, Mich., for Total Petroleum, Inc.

Richard McClear, Detroit, Mich., for Total Petroleum, Inc.

## OPINION

DUGGAN, District Judge.

Presently before the Court is Total Petroleum, Inc.'s ("Total"), motion to dismiss the punitive damages claims of plaintiffs, Abdul Mussa, Charles T. Prescott, Masud Nagi Mahamed, and Kaid Sharjatt. Plaintiffs have filed a response to such motion. For the reasons which follow, this Court denies Total's motion.

Total argues that plaintiffs, who were all regular crewmembers on their employer's, Cleveland Tankers', vessel the M/V JUPITER, and thus "seamen" for purposes of the Jones Act, 46 U.S.C.App. § 688, cannot assert punitive damages claims against it in light of the Supreme Court's decision in *Miles v. Apex Marine Corp.*, 498 U.S. 19, 111 S.Ct. 317 (1990). Accordingly, Total contends, plaintiffs' punitive damages claims against it must be dismissed. This Court disagrees.

In *Miles*, the Supreme Court ruled that a parent of a Jones Act seaman could not recover loss of society damages under a general maritime law claim of unseaworthiness. *Id.* at ——, 111 S.Ct. at 326. Total interpret's *Miles'* holding to mean that in *any* action involving a Jones Act seaman's claim for personal injury, nonpecuniary damages, such as punitive damages, are not available. Total reasons that such an interpretation is mandated by the *Miles* Court's policy rationale that uniform rules regarding claims and remedies are necessary in the context of maritime actions.

Total seeks to apply *Miles* in too broad a fashion. In *Miles*, a Jones Act seaman died when a fellow crewmember stabbed him on board their employer's vessel. A parent of the decedent sued his employer, the ship's owner, asserting a negligence claim under the Jones Act and a claim of unseaworthiness under general maritime law. As part of the damages claimed, the parent sought loss of society damages, via the unseawor-

thiness claim. The Supreme Court ruled that such damages were not available, reasoning that since such nonpecuniary damages were not available under the Jones Act, such damages should not be otherwise available under a general maritime law claim for unseaworthiness. *Id.* at ——, ——, 111 S.Ct. at 324–26.

In reaching this result, the Court first discussed the structure of actions available to an injured Jones Act seaman against his employer. The Court noted that the Jones Act provides for a negligence action for the death or injury of a seaman against his employer. *Id.* at ——, ——, ——, 111 S.Ct. at 323, 324, 326. Further, the Court noted that a Jones Act seaman, injured or killed in the course of his duties, may maintain an action against his employer under general maritime law for unseaworthiness. *Id.* at ——, 111 S.Ct. at 324.

The Court then went on to discuss the remedies available to a seaman proceeding with a Jones Act negligence claim. The Court noted that the Jones Act is based in large part on FELA, and that under FELA, only pecuniary damages are allowed. *Id.* at ——, 111 S.Ct. at 325 (citing *Michigan Central R. Co. v. Vreeland*, 227 U.S. 59, 33 S.Ct. 192, 57 L.Ed. 417 (1913)). The Court then concluded that under the Jones Act, only pecuniary damages may be recovered and that, as a result, loss of society damages, nonpecuniary in nature, cannot be recovered in an action under the Jones Act. *Id.*

Also, the Court detailed a policy goal of uniformity to be applied in determining the extent of maritime actions provided for under case law as opposed to statutory law maritime actions. The Court concluded that case law-developed maritime actions which relate to statutory maritime actions, should be consistent with such statutory actions, particularly with regard to the question of recoverable damages for injuries on the high seas. The Court stated:

> Congress has spoken directly to the question of recoverable damages on the high seas, and "when it does speak directly to a question, the courts are not free to 'supplement' Congress' answer so

thoroughly that the [Jones] Act becomes meaningless." [citation omitted] *Moragne [v. States Marine Lines, Inc.,* 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970),] involved gap-filling in an area left open by statute; supplementation was entirely appropriate. But in an "area covered by the statute, it would be no more appropriate to prescribe a different measure of damages than to prescribe a different statute of limitations, or a different class of beneficiaries." [citation omitted]

*Id.,* 498 U.S. at ——, 111 S.Ct. at 325. The Court also stated, in commenting upon the effect of statutory law's effect on case-developed maritime rules:

> [L]egislation sends other signals to which an admiralty court must attend. "The legislature does not, of course, merely enact general policies. By the terms of a statute, it also indicates its conception of the sphere within which the policy is to have effect." [citation omitted] Congress, in the exercise of its legislative powers, is free to say "this much and no more." An admiralty court is not free to go beyond those limits.

*Id.* at ——, 111 S.Ct. at 321.

After discussing this policy, and noting that the Jones Act did not provide for nonpecuniary damages such as loss of consortium damages in a negligence claim under the Act, the Court went on to apply the policy to claims for such damages under a general maritime law claim for unseaworthiness. *Id.* at ——, 111 S.Ct. at 326. The Court stated:

> The general maritime claim here alleged that Torregano [the decedent seaman] had been killed as a result of the unseaworthiness of the vessel. It would be inconsistent with our place in the constitutional scheme were we to sanction more expansive remedies in a judicially-created cause of action in which liability is without fault than Congress has allowed in cases of death resulting from negligence. We must conclude that there is no recovery for loss of society in

a general maritime action for the wrongful death of a Jones Act seaman.

> \*   \*   \*   \*   \*   \*

> Today we restore a uniform rule applicable to all actions for the wrongful death of a seaman, whether under ..., the Jones Act, or general maritime law.

*Id.*

*Miles* was decided in the context of a Jones Act seaman (via his parent) suing his employer under the Jones Act for negligence and under general maritime law for unseaworthiness. In the context of its announced policy of uniformity in related actions under statutory and case-developed maritime law, the Court's ruling in *Miles* is compelled. Simply put, under the *Miles* Court's view, there should be no reason why a Jones Act seaman, unable to sue his employer for nonpecuniary damages directly under a Jones Act negligence claim, could sue his employer for such damages under a related general maritime law claim for unseaworthiness.

Total's argument that *Miles* compels a similar result in the present case goes too far. Such argument seeks to extend *Miles'* policy of uniformity to situations, such as the one presented in the cases at bar, where Jones Act seamen are not suing their employer under related Jones Act and general maritime law claims, but instead, are suing a third-party, here Total, under a single general maritime claim of negligence.[1] To wit, plaintiffs are suing Total for their alleged negligence in causing the accident giving rise to their injuries. In the action against Total no situation is presented where statutory law provides a remedy different than the remedy provided under general maritime law, unlike the situation in *Miles.* As such, *Miles* does not control the instant actions as to plaintiffs' claims against Total.

A Louisiana district court case, decided after *Miles,* supports this conclusion. In *Rebstock v. Sonat Offshore Drilling,* 764 F.Supp. 75 (E.D.La.1991), a Jones Act seaman, and his spouse, asserted negligence claims against a defendant, a third party

---

**1.** No Jones Act claim is available against a non-employer third party. 46 U.S.C.App. § 688.

who was not the plaintiff-seaman's employer, in relation to the plaintiff-seaman's injury. The defendant moved to dismiss the loss of consortium claim asserted against it by the plaintiff spouse. The district court denied such motion. In denying the motion, the court noted that *Miles* did not compel a different result, as in *Miles* the seaman had sued his employer under the Jones Act and under general maritime law for unseaworthiness and that the Court's opinion did not concern negligence actions under general maritime law against third parties. *Id.* at 76. The Court further noted that the facts in the case before it were highly similar to a pre-*Miles* decision of the Fifth Circuit, *Tullos v. Resource Drilling, Inc.*, 750 F.2d 380, 386 (5th Cir.1985), wherein a spouse of a seaman was allowed to recover loss of consortium damages against a third party under a general maritime law negligence claim. *Id.*

Total cites a plethora of cases applying *Miles* to bar nonpecuniary loss claims. Such cases do not present the fact situation of the cases at bar where a Jones Act seaman is suing a third party. Total primarily relies upon the following cases for the proposition that nonpecuniary damage claims are not allowable even in actions by Jones Act seamen against third parties: *Turley v. Co–Mar Offshore Marine Corp.*, 766 F.Supp. 501 (E.D.La.1991); *Donaghey v. Ocean Drilling & Exploration Co.*, 766 F.Supp. 503 (E.D.La.1991); and *Texaco Refining & Marketing, Inc. v. Estate of Dau Van Tran*, 808 S.W.2d 61 (Tex.), *cert. denied,* — U.S. —, 112 S.Ct. 301, 116 L.Ed.2d 245 (1991).

In *Turley*, a Jones Act seaman was injured on board his employer's ship and sued his employer and Conoco, Inc. under the Jones Act for negligence and under general maritime law for unseaworthiness. The seaman's wife filed a loss of consortium claim against the defendants. Such claim was denied by the district court on the basis of *Miles*. *Turley* at 502. Such result was mandated by *Miles* as to the claim against the defendant employer, as such claims were identical in all relevant respects to the claims at issue in *Miles*. As to the dismissal of the other defendant, Conoco, Inc., it is not clear from the court's opinion whether such defendant was also the seaman's employer. Further, if Conoco was not the seaman's employer, the district court did not note this fact, apparently because the parties had not raised it.

In *Donaghey*, similar claims were brought by a seaman against three defendants. Such claims were denied by the district court. The opinion does not indicate the relationship of the defendants to the seaman.

A conclusion that the defendants in both *Turley* and *Donaghey* were employers of the seamen-plaintiffs may be inferred from the fact that in each action, the seaman-plaintiff sued for negligence under the Jones Act—a claim raised by a seaman against his employer. *See* 46 U.S.C.App. § 688; *Wheatley v. Gladden*, 660 F.2d 1024, 1026 (4th Cir.1981) (an employee/employer relationship is a necessary antecedent to a Jones Act negligence claim).

In *Texaco Refining*, the decedent, a "good samaritan" who was helping a boat operator move his boat out of the mud in a river, and who was not a Jones Act seaman, was killed when the boat crushed him as the result of the effect of the wake made by the defendants' passing boat. *Texaco Refining*, 808 S.W.2d at 63. The decedent's estate brought a claim against the defendant under general maritime law and asserted a claim for loss of society damages. The Texas Supreme Court rejected such claim, citing *Miles* for the proposition that such damages are not recoverable under general maritime law. *Id.* Such statement goes well beyond the above-detailed facts of *Miles* and its reasoning by extending a blanket rule against loss of society claims in all general maritime actions without any proffered reason for such a broad extension. *Texaco Refining* is unpersuasive.

Under such circumstances, Total has not shown that plaintiffs' claims for punitive damages are not recoverable under the general maritime law as it applies to this case. Therefore, Total's motion to dismiss

88

plaintiffs' punitive damages claims must be denied.

An Order Consistent with this Opinion shall issue forthwith.