**Abdul MUSSA, Charles T. Prescott, III, Masud Nagi Mahamed, Kaid Sharjatt, Plaintiffs,**

v.

**CLEVELAND TANKERS, American Steamship Company and Total Petroleum, Inc., Jointly and Severally, Defendants.**

Nos. 90–CV–72804–DT, 90–CV–72817–DT, 90–CV–73803–DT, 90–CV–73804–DT and 91–CV–70661–DT.

United States District Court, E.D. Michigan, S.D.

May 8, 1992.

Dennis M. O'Bryan, Harold A. Perakis, Birmingham, Mich., for Abdul Mussa, Kaid Shajrah, Masud Nagi Mohamed, Charles T. Prescott, III.

Thomas W. Emery, Detroit, Mich., for American S.S. Co.

John L. Foster, Paul D. Galea, Detroit, Mich., for Cleveland Tankers, Inc.

Donald J. Miller, Richard McClear, Detroit, Mich., for Total Petroleum, Inc.

1. The plaintiffs subject to such Orders are: Abdul Mussa, Charles T. Prescott, Masud Nagi Mahamed, and Kaid Sharjatt.

2. The Court in *Miles* held that a Jones Act seaman may not maintain a claim for nonpecuniary damages under a general maritime law claim for unseaworthiness because such damages are not recoverable under the seaman's Jones Act claim for negligence. *Id.*

## OPINION

DUGGAN, District Judge.

Presently before the Court is Total Petroleum, Inc.'s ("Total"), motion for reconsideration of this Court's April 10, 1992, Orders Denying Total's motion to dismiss various punitive damages claims filed against it and granting plaintiffs'[1] motion to file a second amended complaint. For the reasons which follow, this Court shall deny the instant motion.

In its motion for reconsideration, Total argues that this Court incorrectly interpreted the Supreme Court's holding in *Miles v. Apex Marine Corp.*, 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990),[2] as extending only to actions involving a Jones Act seaman against his/her employer. Total reiterates its argument that *Miles'* holding extends to actions by Jones Act seamen against non-employers, such as itself. In support of such argument, Total has supplied the Court with various court pleadings filed in *Miles*, as well as in the other cases it principally relied upon in its motion to dismiss,[3] which indicate that the Jones Act seamen (or their representatives) in such cases were suing not only their employers, but third-party non-employers as well. Such facts, Total contends, support its contention that *Miles* applies to actions against non-employers.

This Court finds Total's argument unpersuasive. This Court recognizes that in *Miles*, the Supreme Court referred to all of the defendants as one entity, "Apex." *Miles*, 498 U.S. at ——, 111 S.Ct. at 320. However, the Court focused on the fact that the claimant there was suing under the Jones Act for negligence as well as under the general maritime law for unseaworthiness. As a seaman may only sue his/her employer for negligence under the

3. These cases are: *Turley v. Co–Mar Offshore Marine Corp.*, 766 F.Supp. 501 (E.D.La.1991); *Donaghey v. Ocean Drilling & Exploration Co.*, 766 F.Supp. 503 (E.D.La.1991); and *Texaco Refining & Marketing, Inc. v. Estate of Dau Van Tran*, 808 S.W.2d 61 (Tex.), *cert. denied*, —— U.S. ——, 112 S.Ct. 301, 116 L.Ed.2d 245 (1991).

Jones Act, *see* 46 U.S.C.App. § 688, it follows that in applying its announced policy of achieving uniformity in the scope of remedies between a seaman's Jones Act claim and a seaman's unseaworthiness claim, the Court was construing such claim in the context of a claim being asserted against an "employer" of a Jones Act seaman. Indeed, the Court's treatment as a single entity the four defendants sued, followed by its discussion of the claimant's Jones Act and unseaworthiness claims against such entity, supports such a conclusion.

More importantly, Total's argument misses the reasoning behind the *Miles* Court's holding—that case law-developed maritime actions which relate to statutory maritime actions, should be consistent with such statutory actions, particularly with regard to the question of recoverable damages for injuries. *See Miles*, 498 U.S. at ——, ——, 111 S.Ct. at 321, 325. In *Miles* the claimant had an action under the Jones Act (statutory law) as well as an action under general maritime law (case law). In the present case, plaintiffs do not have a statutory claim against Total under the Jones Act. As such, *Miles'* policy of uniformity does not come into play.

For similar reasons, this Court finds unpersuasive Total's reliance on *Turley v. Co-Mar Offshore Marine Corp., supra; Donaghey v. Ocean Drilling & Exploration Co., supra;* and *Texaco Refining & Marketing, Inc. v. Estate of Dau Van Tran, supra.*

Accordingly, this Court shall deny Total's motion for reconsideration.

An Order consistent with this Opinion shall issue forthwith.