Allen F. ELLENDER, et al.,

v.

JOHN E. GRAHAM & CO., et al.

Civ. A. No. 92–1319.

United States District Court,
E.D. Louisiana.

Nov. 20, 1992.

Stanley Joseph Jacobs, Kenneth Wayne Manuel, David Joseph Kain, Jacobs, Manuel & Kain, A. Remy Fransen, Jr., Fransen & Hardin, New Orleans, LA, for plaintiffs.

George Moore Gilly, Mark Charles Dodart, Stephanie G. McShane, Phelps Dunbar, New Orleans, LA, Anthony John Staines, Thomas Joseph Eppling, Staines, Eppling & Myers, Metairie, LA, Gerard Joseph Sonnier, Galloway, Johnson, et al, John Donellan Fitzmorris, Jr., Texaco Inc., Legal Dept., Joseph G. Gallagher, Jr., Hulse, Nelson & Wanek, New Orleans, LA, for defendants.

## ORDER AND REASONS

FELDMAN, District Judge.

The defendant, John E. Graham & Sons, Inc., has moved under Rule 12(b)(6) to dismiss Denise Ellender's claim for loss of consortium arising out of injuries her husband, Allen Ellender, allegedly suffered while employed by the defendants. John E. Graham & Sons was the plaintiff's employer.

In a separate motion, Best Oilfield Services, Inc., a nonemployer, third party defendant, also moves for summary judgment dismissing the claim of loss of consortium.

The husband's suit against Graham alleges Jones Act negligence and as well as an unseaworthiness claim under the general maritime law. The case law, however, is clear that there is no cause of action against an employer for loss of consortium under the general maritime law. *See Miles v. Apex Marine Corp.*, 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990); *Anglada v. Tidewater, Inc.*, 752 F.Supp. 722 (E.D.La.1990).

There is a dispute, however, whether the rule of *Miles* extends to loss of consortium claims against a nonemployer, general maritime law defendant. At least one court has held that such damages are allowed. *See Rebstock v. Sonat Offshore Drilling, et al.*, 764 F.Supp. 75 (E.D.La.1991). In *Rebstock*, Judge Mentz held that *Miles* sought to establish a uniform rule for seamen suing their employer, but that *Miles* left untouched the rights of a seaman's spouse to sue third parties for loss of consortium under the general maritime law. The court in *Rebstock*, however, relies on a pre-*Miles* Fifth Circuit decision, *Tullos v. Resource Drilling, Inc.*, 750 F.2d 380 (5 Cir.1986), which was based on case law which was rejected by the Supreme Court's decision in *Miles.*

This Court agrees with those courts that have found that the rationale in *Miles* extends to a nonemployer. *See Duplantis v.*

*Texaco, Inc.,* 771 F.Supp. 787 (E.D.La.1991) (held that the general maritime law does not allow a spousal claim for loss of consortium against a general maritime law negligence defendant); *Turley v. Co–Mar Offshore Marine Corp. et al,* 766 F.Supp. 501 (E.D.La. 1991) (dismissing the loss of consortium claims against both the employer and the nonemployer defendant on the ground that there is no recovery for nonpecuniary damages under general maritime law); *Cater v. Placid Oil Co., et al.,* 760 F.Supp. 568 (E.D.La.1991) (denying the plaintiff's motion to amend the complaint bringing loss of consortium claims against employer and nonemployer on the ground that no such claim exists under the general maritime law).

Therefore, the motion of Best Oilfield Services for summary judgment dismissing the plaintiff's loss of consortium claim is hereby GRANTED. The motion of John E. Graham & Sons under Rule 12(b)(6) to dismiss the plaintiff's loss of consortium claim is also GRANTED.