Michael E. **EARHART;** Patricia Earhart; Robert L. Earhart; Wilfred Nunez, **Plaintiffs,**

v.

**CHEVRON U.S.A. INC., Defendant.**

B. Ralph Bailey; Frank Sloan; Charles N. Branton, Movant.

Civ. A. No. 92–0987.

United States District Court, E.D. Louisiana.

Oct. 14, 1993.

B. Ralph Bailey, Bailey, Rossi & Kincade, Metairie, LA, Charles Nathan Branton, Slidell, LA, Frank Sloan, Covington, LA, for plaintiffs.

William B. Gibbens, III, Peter B. Tompkins, Gelpi, Sullivan, Carroll & Gibbens, P.C., New Orleans, LA, for defendant.

### ORDER AND REASONS

CLEMENT, District Judge.

Defendant's motion to dismiss plaintiffs' claims for loss of consortium and punitive damages was decided this date on memoranda.[1] For the reasons stated below, defendant's motion to dismiss is GRANTED.

### BACKGROUND

Plaintiffs Robert Earhart, Michael Earhart, and Wilfred Nunez allege that they sustained injuries when their fishing vessel struck an underwater object in Black Bay. The plaintiffs filed this action under the general maritime law against Chevron, U.S.A., Inc. ("Chevron") seeking compensation for the injuries they suffered as a result of this incident. In addition to their personal injury claims, Patricia Earhart, wife of Robert Earhart, has made a claim for loss of consortium. Plaintiffs also seek punitive damages in the amount of $1,000,000.00 each, based on Chevron's alleged "gross, willful and wanton conduct." Chevron has moved to dismiss plaintiffs' claims for punitive damages and loss of consortium, society and service.

### ANALYSIS

In *Miles v. Apex Marine Corp.,* 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990), the Supreme Court held that in a general maritime law cause of action for the

1. Plaintiffs have not filed a memorandum in opposition to defendant's motion to dismiss.

wrongful death of a seaman damages for loss of society are not recoverable. *Id.* at 29–32, 111 S.Ct. at 324–25. Following that decision, the Fifth Circuit held, in *Michel v. Total Transp., Inc.,* 957 F.2d 186 (5th Cir.1992), that damages for loss of consortium were not recoverable under the Jones Act. *Id.* at 191.

Although neither *Miles* nor *Michel* dealt with the recoverability of damages for loss of consortium in a general maritime law claim against a nonemployer defendant, this court has held that nonpecuniary damages, such as loss of society and loss of consortium, are not recoverable under the general maritime law. *Carnival Cruise Lines v. Red Fox Indus., Inc.,* 813 F.Supp. 1185, 1187 (E.D.La.1993) (Clement, J.); *see also Ellender v. Graham,* 821 F.Supp. 1136, 1136 (E.D.La.1992) (Feldman, J.) ("the rationale in *Miles* extends to a nonemployer"). The Fifth Circuit recently indicated, in *dicta,* that such nonpecuniary damages are not recoverable in an action against a nonemployer defendant:

> The Supreme Court has clearly indicated its desire to achieve uniformity of damage recoveries in the exercise of admiralty jurisdiction. Allowing [plaintiff] to recover loss of consortium damages would directly contradict the policy of uniformity emphasized and relied on by the Court in *Miles;* and with out [*sic* ] expressly so deciding at this time, we acknowledge the strength of the argument that damages for loss of society may no longer be permitted in a general maritime wrongful death action involving the operator of a fishing boat.

*Walker v. Braus,* 995 F.2d 77, 82 (5th Cir. 1993). Plaintiffs' claims for loss of society, consortium, and/or service must be dismissed.

■ This court has also held that punitive damages are no longer recoverable under the post-*Miles* general maritime law. *Howard v. Atlantic Pacific Marine Corp.* 1992 WL 55487, at *2 (E.D.La. Feb. 28, 1992) (Clement, J.). Because the policy underlying the *Mile*'s decision requires that damages recoverable under the Jones Act, the Death on the High Seas Act, and the general maritime law be uniform, punitive damages may not be recovered in this general maritime law case. *Id.* Accordingly,

IT IS ORDERED that defendant Chevron's motion to dismiss is GRANTED.

IT IS FURTHER ORDERED that plaintiffs' claims for loss of consortium and punitive damages be, and hereby are, DISMISSED.