**Leroy HUNTER**

v.

**SEABULK OFFSHORE, LTD., et al.**

**Civil Action No. 97–300.**

United States District Court,
E.D. Louisiana.

Feb. 19, 1998.

---

Thomas Howard Leach, III, Metairie, LA, for Danos and Curole Marine Contractors, Inc., Gray Ins. Co.

David John Shea, Houma, LA, Leonard A. Radlauer, Radlauer & Bernstein, New Orleans, LA, for Leroy Hunter.

Scott Rodgers Wheaton, Jr., Claude Frederick Bosworth, Lugenbuhl, Burke, Wheaton, Peck, Rankin & Hubbard, New Orleans, LA, for Seabulk Offshore Ltd., Kerr McGee Corp.

## ORDER AND REASONS

CLEMENT, District Judge.

Before the Court is defendants', Seabulk Offshore, Ltd. ("Seabulk") and Kerr–McGee Corporation ("Kerr–McGee"), Motion to Dismiss Plaintiff's Claim for Punitive Damages. For the following reasons, the Court GRANTS defendants' motion.

### BACKGROUND

This case arises out of injuries allegedly sustained by the plaintiff, Leroy Hunter, while traveling as a passenger aboard the M/V RIG RUNNER ("the vessel") to defendant Kerr–McGee's dock in Morgan City, Louisiana, on November 21, 1996. Plaintiff alleges that the vessel ran aground and he was thrown to the deck and severely injured. At the time of this incident, plaintiff was employed as a rigger by Danos and Curole, which is not a party to this action. At all relevant times, the vessel was owned, operated, and controlled by defendant Seabulk Offshore, Ltd.

Plaintiff filed the instant action on January 29, 1997, invoking jurisdiction under the General Maritime Law, 28 U.S.C § 1333, and diversity of citizenship. In his complaint, plaintiff alleged that the proximate cause of his injuries was the negligence of defendants and the unseaworthiness of the vessel. In paragraph IX of his first Supplemental and Amended Complaint, filed December 10, 1997, plaintiff made a claim for "all punitive and exemplary damages allowed by admiralty law and general maritime law based on the defendants' conduct, willful and wanton behavior and wanton disregard for the safety of others." Defendants' instant motion followed.

### ANALYSIS

Defendants seek dismissal of the plaintiff's punitive damages claim based on their argument that punitive damages are not recoverable under the general maritime law. Defendants' motion is thus one to dismiss for failure to state a claim upon which relief can be granted, and is governed by the standards of Federal Rule of Civil Procedure 12(b)(6). When considering a motion to dismiss for failure to state a claim, the district court must accept the factual allegations of the complaint as true and resolve all ambiguities or doubts regarding the sufficiency of the claim in favor of the complaining party. *Fernandez–Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir.1993). Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. *Id.* Unless it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim." the complaint should not be dismissed for failure to state a claim. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Fernandez–Montes,* 987 F.2d at 284–85.

In accepting the factual allegations of the complaint as true and resolving all ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff, the Court

finds as a matter of law that plaintiff has failed to state a claim for punitive damages under the general maritime law. Although neither the United States Supreme Court nor the Fifth Circuit Court of Appeals has spoken directly on this question, the trend within the lower courts of this Circuit is to deny nonpecuniary recovery to nonseamen plaintiffs for personal injuries under the general maritime law. Absent a definitive ruling from the Supreme Court or the Fifth Circuit on this issue, this Court will follow these precedents.

The seminal modern Supreme Court case on the availability of non-pecuniary damages in maritime cases is *Miles v. Apex Marine Corp.*, 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990). In *Miles*, the Court held that loss-of-society damages (a form of nonpecuniary damages) are not available in a general maritime law action for the wrongful death of a seaman. The Court held that, because "[t]he Jones Act prohibits non-pecuniary recovery ... the general maritime unseaworthiness action for the wrongful death of a seaman must have a similar prohibition against non-pecuniary awards." *Id.* Although the "uniformity principle announced in *Miles* was stated in the context of loss-of-society damages, the Fifth Circuit approved the principle in a case denying punitive damages to an injured seaman suing for maintenance and cure under general maritime law." *Guevara v. Maritime Overseas Corp.*, 59 F.3d 1496, 1505 (5th Cir.1995), *cert. denied*, 516 U.S. 1046, 116 S.Ct. 706, 133 L.Ed.2d 662 (1996). Noting that punitive damages are considered non-pecuniary, and that non-pecuniary damages are barred under the Jones Act, the *Guevara* court stated, "If the situation is covered by a statute like the Jones Act or DOHSA, and the statute informs and limits the available damages, the statute directs and delimits the recovery available under the general maritime law as well." *See also Anderson v. Texaco*, 797 F.Supp. 531, 534 (E.D.La.1992) ("*Miles* compels the conclusion that a plaintiff who is statutorily barred from receiving a punitive award [under the Jones Act] cannot recover punitive damages by couching his claim in the judge-made general maritime law of negligence and unseaworthiness.").

Although *Miles* did not deal with the recoverability of nonpecuniary damages in a general maritime law claim against a non-employer, subsequent cases in this district have so extended the *Miles* rationale. In *Ellender v. John E. Graham & Co.*, 821 F.Supp. 1136, 1136 (E.D.La.1992), Judge Feldman extended the rationale in *Miles* to preclude recovery of punitive damages by a seaman against a nonemployer under the general maritime law. The following year, in *Earhart v. Chevron U.S.A., Inc.*, this Court held that punitive damages are not recoverable by *nonseamen* under the general maritime law. 852 F.Supp. 515, 516 (E.D.La. 1993). In *Earhart*, the plaintiffs, operators and passengers of a fishing boat, sued a nonemployer defendant under the general maritime law for injuries sustained when the vessel struck an underwater object. In rejecting plaintiffs' claim for punitive damages, this Court noted that "punitive damages are no longer recoverable under the post-*Miles* general maritime law." *Id.* at 516. This Court rationalized this holding as follows:

"Because the policy underlying the *Miles* decision requires that damages recoverable under the Jones Act, the Death on the High Seas Act, and the general maritime law be uniform, punitive damages may not be recovered in this general maritime law case."

In so holding, this Court relied in part on Fifth Circuit dicta indicating that nonpecuniary damages are not recoverable in an action against a nonemployer defendant under the general maritime law. *Id., citing Walker v. Braus*, 995 F.2d 77, 82 (5th Cir.1993). In *Walker*, the court held that survivors could not recover loss-of-society damages in a wrongful death action against a nonemployer defendant under the general maritime law. In connection with this holding, the Fifth Circuit noted that allowing recovery of nonpecuniary damages such as those for loss of consortium in a general maritime law wrongful death action would upset the uniformity principle established in *Miles*.

Although, as noted previously, the Fifth Circuit has not spoken directly on this issue, the Second Circuit recently denied the recov-

ery of punitive damages by the survivors of a nonseaman under the general maritime law. In *Wahlstrom v. Kawasaki Heavy Indus., Ltd.*, 4 F.3d 1084 (2d Cir.1993), parents of a child killed in the collision of two pleasure craft sued for, *inter alia*, punitive damages under the general maritime law. *Id.* at 1085. Although noting, that most of the post-*Miles* cases denying punitive damages recovery dealt with seamen, the *Wahlstrom* court held that "Overall ... this post-Miles authority lends additional support to our conclusion that the [parents of a nonseaman] should not be allowed to pursue punitive damages under the general maritime law." *Id.* at 1094. Furthermore, in a recent case in the Eleventh Circuit, *In re Amtrak Sunset Ltd. Train Crash in Bayou Canot, Ala. on Sept. 22, 1993*, 121 F.3d 1421 (1997), *petition for cert. filed*, 66 USLW 3427 (Dec. 8, 1997), the court held that nonseaman personal injury plaintiffs, as distinguished from nonseaman wrongful death plaintiffs, were not entitled to seek nonpecuniary damages, including punitive damages, under the general maritime law. *Id.* at 1429.[1]

Plaintiff's reliance on *P & E Boat Rentals, Inc.*, 872 F.2d 642 (5th Cir.1989), in his opposition to defendants' motion to dismiss is unavailing. Plaintiff himself acknowledges that *P & E Boat Rentals* was decided before *Miles*, and relied on caselaw that *Miles* impliedly overruled.

Accordingly,

IT IS ORDERED that defendants' Motion to Dismiss Plaintiff's Claim for Punitive Damages is GRANTED.

---

**1.** The portion of the holding allowing punitive damages under state law in a maritime wrongful death action follows a recent line of cases in some Circuits based on the United States Supreme Court's holding in *Yamaha Motor Corp. v. Calhoun*, 516 U.S. 199, 116 S.Ct. 619, 133 L.Ed.2d 578 (1996), that state-law remedies may be applied in wrongful death and survival actions arising from accidents involving nonseamen in territorial waters. The *Yamaha* Court made this distinction based on the fact that, unlike with remedies for wrongful death of nonseamen in state territorial waters, for which Congress

looked to state law prior to the Supreme Court's 1970 decision in *Moragne v. States Marine Lines, Inc.*, 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970), remedies for *personal injury* in this situation have traditionally been found in admiralty law. *Amtrak*, 121 F.3d at 1429. The *Amtrak* Court held that, "Unless or until the United States Supreme Court should decide to add state remedies to the admiralty remedies for personal injury, personal injury claimants have no claim for nonpecuniary damages such as loss of society, loss of consortium or punitive damages ...." *Id.*