**Captain Sheriff SAUDI, Plaintiff,**

v.

Joe Alfred Izen, Jr., Izen & Associates, Afton Jane Izen, Attorney at Law, Bellaire, TX, for Captain Sheriff Saudi.

Thomas R. Nork, Bell Ryniker et al., Houston, TX, for Marine Atlantic Ltd., Acomarit Services Maritime S.A., and Osprey Acomarit Ship Management Inc.

Hollis Horton, Orgain, Bell & Tucker, Beaumont, TX, for Appleton Machine Co., Appleton Machine Co., Inc., and Appleton Marine Inc.

F. Michael Stenglein, Weil, Gotshal & Manges, Houston, TX, for United States Trust Company of New York.

Michael Evan Jaffe, David Kelleher, Stephen M. Hall, Arent, Fox, Kintner, Plotkin & Kahn, Washington, DC, Michael D. Hudgins, Hudgins, Hudgins and Warrick, Houston, TX, for Valmet–Appleton Incorporated.

Steven Michael Duble, Hays, McConn, Rice and Pickering, Houston, TX, for Koch Petroleum Group, Koch Shipping Inc, and Koch Supply and Trading Co.

David Patrick Ayers, Fulbright & Jaworski, Innes A. Mackillop, White Mackillop et al., Houston, TX, for Marine Transport Lines, Inc. and Marine Transport Corp.

## ORDER

HARMON, District Judge.

Pending before the Court in the above referenced admiralty and maritime personal injury action, arising from the May 17, 1999 fall of Plaintiff Captain Sheriff Saudi ("Plaintiff" or "Saudi") from a lifting basket as he was transferred from the tanker Marine Atlantic to the M/V American Discovery because of the collapse of an allegedly defective portside crane on the tanker Marine Atlantic, is *inter alia* a joint motion for partial summary judgment dismissing Plaintiff's claim for punitive damages (# 182), filed by Defendants Marine Atlantic Ltd., Osprey Ship Management ("Osprey"),[1] Marine Transport Corporation ("MTC"), Marine Transport Lines, Inc. ("MTL"), and Koch Shipping, Inc. ("KSI").

The controlling pleading, Plaintiff's third amended complaint (# 73), alleges six causes of action: (1) negligence and gross under common law against all Defendants; (2) unseaworthy vessel and equipment under maritime law against all Defendants; (3) negligence under the Jones Act against all Defendants; (4) breach of warranty of merchantability under pendant jurisdiction against Defendants Valmet–Appleton, Inc., Appleton Machine Co., Inc., Appleton Marine, Inc. and John Doe Company (designer of the crane), now moot because all these Defendants have been dismissed from this action; (5) strict liability in tort for defective design or manufacture and failure to warn against the alleged designers and/or manufacturers of the crane, Defendants Valmet–Appleton, Inc., Appleton Machine Company, Appleton Marine Company, and John Doe Company, now moot for the same reason as the fourth cause of action; and (6) an action *in rem* against the tanker Marine Atlantic under maritime law.

The movant seeking a federal summary judgment initially must inform the court of the basis for his motion and point out those portions of the pleadings, depositions, answers to interrogatories, and admissions on file that demonstrate the absence of a genuine issue of material fact and show that he is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The movant need not negate the opposing party's claims nor produce evidence showing an absence of a genuine factual issue, but may rely on the absence of evidence to support essential elements of opposing party's claims. *International Assoc. of Machinists & Aerospace Workers, Lodge No. 2504 v. Intercontinental Mfg. Co.*, 812 F.2d 219, 222 (5th Cir.1987). The burden then shifts to the non-movant to set forth specific facts and competent summary judgment evidence to raise a genuine issue of material fact on each essential element of any claim on which he bears the burden of proof at trial. Fed.R.Civ.P. 56(c). The substantive law governing the suit identifies the essential elements of the claims at issue and therefore indicates which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The non-moving party may not rest on mere allegations or denials in its pleadings, but must produce affirmative evidence and specific facts. *Anderson*, 477 U.S. at 256–57, 106 S.Ct. 2505. He meets this burden only if he shows that "a reasonable jury could return a verdict for the non-moving party." *Id.* at 254, 106 S.Ct. 2505. A mere scintilla of evidence will not preclude granting of a motion for summary judgment. *Id.* at 252, 106 S.Ct. 2505.

---

1. Incorrectly sued as Osprey Accomarit Ship Management.

All reasonable inferences must be drawn in favor of the non-moving party. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88, 106 S.Ct. 1348, 89 L.Ed.2d 538.(1986), citing *United States v. Diebold*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). Once the burden of proof has shifted to the non-movant, he "must do more that simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586, 106 S.Ct. 1348. Instead he must produce evidence upon which a jury could reasonably base a verdict in his favor. *Anderson*, 477 U.S. at 249, 106 S.Ct. 2505. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.*, 477 U.S. at 249–50, 106 S.Ct. 2505. Moreover the non-movant must "go beyond the pleadings and by her own affidavits or by depositions, answers to interrogatories and admissions on file, designate specific facts that show there is a genuine issue for trial." *Webb v. Cardiothoracic Surgery Assoc. of North Texas, P.A.*, 139 F.3d 532, 536 (5th Cir.1998). Unsubstantiated and subjective beliefs and opinions are not competent summary judgment evidence. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S.Ct. 195, 130 L.Ed.2d 127 (1994); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992). The non-movant cannot discharge his burden by offering vague allegations and legal conclusions. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 889, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990).

Defendants argue that punitive damages are not recoverable under the claims against them under maritime law (negligence, unseaworthiness, and Jones Act). *Guevara v. Maritime Overseas Corp.*, 59 F.3d 1496, 1507 (5th Cir.1995)(*en banc*)(specifically holding that punitive damages under general maritime law are not available to pay maintenance and cure of an injured seaman; because punitive damages are considered non-pecuniary and non-pecuniary damages are barred under the Jones Act, "If the situation is covered by a statute like the Jones Act, the [Death on the High Seas Act], and the statute informs and limits the available damages, the statute directs and delimits recovery available under the general maritime law as well."), *cert. denied*, 516 U.S. 1046, 116 S.Ct. 706, 133 L.Ed.2d 662 (1996). Nor are they recoverable in an action for unseaworthiness. *Hunter v. Seabulk Offshore, Ltd.*, 993 F.Supp. 973 (E.D.La.1998)(discussing expansion of principle to preclusion of recovery of punitive damages by a seaman against a nonemployer under the general maritime law). Defendants point out that in *Galveston County Nav. Dist. No. 1 v. Hopson Towing, Inc.*, 92 F.3d 353, 359 (5th Cir. 1996), the Fifth Circuit commented that it was questionable whether there is a class of conduct for which punitive damages would be recoverable under maritime law.

Saudi responds that because his direct employer, AET, is not a party to the charter contract between Koch and Marine Atlantic Ltd. or to the ship management contract involving Acomarit and Osprey, he cannot recover against Defendants under the Jones Act, but he can under general negligence and unseaworthiness claims, for which he insists punitive damages are recoverable. Asserting that Defendants have overstated the holdings of *Guevara* and *Hopson Towing*, Saudi argues there is no statutory scheme that limits damages or recovery on his claims against Defendants, who are not his em-

ployer, for product liability, breach of warranty and negligence in the remanufacture and/or maintenance of goods. Saudi is not seaman, as defined by the Jones Act, with respect to shipowner Marine Atlantic Ltd. or manager Osprey, or remanufacturer MTL or vessel-provider Koch. He reads the holding of *Guevara* narrowly as holding that the Jones Act limitation of damages prevented recovery of punitive damages in a parallel action under general law. He also notes that Defendants failed to point out that the Fifth Circuit failed to resolve the question of whether a claim for punitive damages can be brought at all under maritime law in the context of *Morales v. Garijak, Inc.*, 829 F.2d 1355 (5th Cir.1987). He also points to Dr. Salah E. Mahmoud's affidavit submitted in opposition to MTL's motion for summary judgment, which states that performing a lifting survey, as was purportedly done by the American Bureau of Shipping, Inc. six months before Saudi's accident, would have prevented serious injury to Saudi. Saudi contends that the affidavit establishes fraudulent testing and certification, and that such "callous, recalcitrant, arbitrary, capricious, or willful, callous and persistent" conduct supports punitive damages. If ultimately believed, the affidavit establishes that there was fifteen years of corrosion of the crane before it failed and that the failure to maintain the crane for that period displays conscious disregard of Saudi's welfare and satisfies the test for punitive damages.

In reply, Defendants cite additional cases supporting their contention that no punitive damages have been authorized in personal injury cases under maritime law. *See, e.g., In re Amtrak "Sunset Limited" Train Crash*, 121 F.3d 1421, 1429 (11th Cir.1997), *cert. denied sub nom. Altosino v. Warrior & Gulf Navigation Co.*, 522

U.S. 1110, 118 S.Ct. 1041, 140 L.Ed.2d 106 (1998); *In re Diamond B Marine Serv., Inc.*, Nos. CIV A–99–951, A–99–984, A–99–1346, 2000 WL 805235, at *2 (E.D.La. June 21, 2000); *In re Diamond B Marine Serv., Inc.*, Nos. CIV A–99–951, A–99–984, A–99–1346, 2000 WL 222847, at *1 (E.D.La. Feb.23, 2000). Defendants further insist that the facts here do not fit any of the recognized exceptions (willful failure to furnish maintenance and cure to a seaman, intentional denial of a vessel owner to furnish a seaworthy vessel to a seaman, and rare wrongdoings).[2] They have not willfully failed to furnish maintenance and cure to a seaman and owe no such obligation to Saudi because they are not Saudi's employer. Marine Atlantic Ltd., as vessel owner, did not intentionally deny a seaworthy vessel to a seaman, and there is no valid claim against it because Plaintiff's response conceded that "Saudi is not even a seaman as defined by the Jones Act with respect to" Marine Atlantic Ltd. Finally, there is no evidence of wrongdoing in this case. Thus maritime precedent bars Saudi's recovery of punitive damages against all of the Defendants.

■ After reviewing the record, this Court agrees with Defendants about the law and the absence of evidence of wrongdoing. *See also Miller v. American President Lines, Ltd.*, 989 F.2d 1450, 1457–59 (6th Cir.1993)("Looking primarily to the federal maritime wrongful death statutes for guidance, we hold that punitive damages are not available in general maritime law unseaworthiness action for the wrongful death of a seaman"), *cert. denied*, 510 U.S. 915, 114 S.Ct. 304, 126 L.Ed.2d 252 (1993); *Horsley v. Mobil Oil Corp.*, 15 F.3d 200 (1st Cir.1994)(punitive damages not available on unseaworthiness claim after *Miles v. Apex Marine Corp.*, 498 U.S.

**2.** *Amtrak,* 121 F.3d at 1429.

19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990)); *Glynn v. Roy Al Boat Management Corp.,* 57 F.3d 1495, 1505 (9th Cir.1995), *cert. denied,* 516 U.S. 1046, 116 S.Ct. 708, 133 L.Ed.2d 663 (1996); *Kraljic v. Berman Enters., Inc.,* 575 F.2d 412 (2d Cir.1978); *Rutherford v. Mallard Bay Drilling, L.L.C.,* No. CIV A –99–3689, 2000 WL 805230, *1–3, 4 (E.D.La. June 21, 2000); *Anderson v. Texaco,* 797 F.Supp. 531, 534 (E.D.La.1992)(concluding that a plaintiff who is statutorily barred from receiving a punitive award under the Jones Act cannot recover punitive damages by couching his claim in the judge-made general maritime law of negligence and unseaworthiness); *Ellender v. John E. Graham & Co.,* 821 F.Supp. 1136 (E.D.La.1992)(recovery of punitive damages by a seaman against no-nemployer under the general maritime law is precluded); *Earhart v. Chevron U.S.A., Inc.,* 852 F.Supp. 515, 516 (E.D.La.1993)(punitive damages are not recoverable by nonseamen under the general maritime law); and *Penrod Drilling Corp. v. Williams,* 868 S.W.2d 294 (Tex. 1993)(*per curiam* ).

Therefore the Court

ORDERS that Defendants' motion for partial summary judgment on punitive damages is GRANTED.