CECILIA BENNETT WIFE OF/AND ERIC BENNETT
v.
BUSINELLE TOWING CORPORATION
No. 2008 CA 2391.
Court of Appeals of Louisiana, First Circuit.
June 12, 2009.
Not Designated for Publication.
JACK W. HARANG, Metairie, LA, Attorney for Plaintiffs/Appellants, Cecilia Bennett and Eric Bennett.
RANDELL E. TREADWAY, ALAN ZAUNBRECHER, Metairie, LA, Attorneys for Defendant/Appellee, Businelle Towing Corporation.
Before: CARTER, C.J., WHIPPLE and DOWNING, JJ.
CARTER, C. J.
This appeal raises the single legal issue of whether an injured seaman's spouse can recover damages for loss of consortium in a suit brought under general maritime law. This court has considered the issue in prior cases and concluded that no claim for loss of consortium and society exists under the Jones Act, which is construed to permit only pecuniary damages. See Dixon v. Cliffs Drilling Co., 633 So.2d 277, 279 (La. App. 1 Cir. 1993); Collins v. Texaco, Inc., 607 So.2d 760, 767-768 (La. App. 1 Cir. 1992).
In Miles v. Apex Marine Corp., 498 U.S. 19, 32-33, 111 S.Ct. 317, 325-326, 112 L.Ed.2d 275 (1990), the Supreme Court held that in an action for the wrongful death of a seaman, whether under the Death on the High Seas Act, the Jones Act, or general maritime law, recovery is limited to pecuniary damages, thus precluding recovery for loss of society. Miles has been interpreted to preclude nonpecuniary damages in cases involving nonfatal injuries as well. Collins, 607 So.2d at 767-768. In admiralty cases, Miles limits recovery to pecuniary damages. See Scarborough v. Clemco Industries, 391 F.3d 660, 668 (5 Cir. 2004), cert. denied, 544 U.S. 999, 125 S.Ct. 1932, 161 L.Ed.2d 772 (2005). Thus, the spouse of an injured seaman has no cause of action for loss of society/consortium under general maritime law. Murray v. Anthony J. Bertucci Construction Co., Inc., 958 F.2d 127, 132 (5 Cir.), cert. denied, 506 U.S. 865, 113 S.Ct. 190, 121 L.Ed.2d 134 (1992); Michel v. Total Transportation Inc., 957 F.2d 186, 191 (5 Cir. 1992).
We reiterate this court's prior holdings that an injured seaman's spouse has no claim for loss of consortium.[1] Accordingly, the judgment of the trial court that sustained the peremptory exceptions raising the objections of no cause of action and no right of action and dismissed the claims of Cecilia Bennett is affirmed in accordance with URCA Rule 2-16.2.A(2), (4) & (6). Costs of this appeal are assessed to Cecilia Bennett and Eric Bennett.
AFFIRMED.
NOTES
[1] We are not persuaded by appellants' arguments to the contrary. The cases of Shields v. Baker Hughes, Inc., 03-816 (La. App. 3 Cir. 2/4/04), 866 So.2d 338, and Warren v. Sabine Towing & Transportation Co., Inc., 01-0573 (La. App. 3 Cir. 10/30/02), 831 So.2d 517, writs denied, 02-2926, 2927, 2928 (La. 2/14/03), 836 So.2d 116, 117, are factually distinguishable.